IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

KATHLEEN BENZ  
450 Massachusetts Avenue, N.W., Apt. 208  :
Washington, D.C. 20001

    Plaintiff

v.                                       Case No.:

JOHN BISNEY  
5803 Ryland Drive  
Bethesda, MD 20817

    Defendant

## COMPLAINT

COMES NOW Plaintiff Kathleen Benz ("Benz"), by and through her undersigned counsel, Mark G. Chalpin, Esq., and respectfully sues Defendant John Bisney ("Bisney") for a civil protection order/injunctive relief as follows:

1. Benz is an individual residing in the District of Columbia.

2. Bisney is an individual residing in Maryland, a co-worker of Benz in the District of Columbia, and of no relation to Benz.

3. Many of the acts by Bisney constituting invasion of privacy, defamation, and stalking have occurred in the District of Columbia.

4. Jurisdiction and venue are proper in this Court.

05 1760

5. Benz and Bisney had a platonic friendship from November 2003 until May 9, 2005. On or about May 9, 2005, Benz learned that Bisney had created more than two websites at www.kathy-benz.net and www.kathy-benz.com. Benz did not authorize Bisney to create these websites nor did she know anything about them until her father searched the Internet on May 9, 2005 looking for an article that Benz had written and

FILED  
SEP - 2 2005  
NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

1


EXHIBIT 3

found the two websites. These websites disclosed personal and defamatory statements about Benz's character in invasion of her privacy

6. On or about May 9, 2005, Benz spoke with the company with which the two websites were registered, Godaddy. Godaddy informed Benz that Bisney was the keeper of these websites and that there was daily activity on these websites. Godaddy also informed Benz that it had a policy against hate websites and encouraged her to write a letter to Godaddy's abuse department.

7. On or about May 9, 2005, Benz talked to Bisney about the websites. Bisney denied any responsibility for the websites.

8. On or about May 10, 2005, Benz e-mailed and told Bisney to not contact her Bisney responded by claiming he was not stalking her and he took responsibility for the websites.

9. On or about May 11, 2005, Bisney e-mailed Benz to state that he was ending their friendship.

10. On or about May 13, 2005, Bisney again e-mailed Benz about the websites and their relationship, in spite of her demand that he no longer contact her.

11. On or about May 14, 2005 at a work-related event, Bisney stared at Benz and stayed close to her in spite of her efforts to physically distance herself from him. Bisney even attempted to introduce Benz to people at the event, in spite of her efforts to stay away from him. Benz was so concerned for her safety that she contacted her employer's security director. After the event, Bisney stood across the street and stared at Benz for about 15 minutes. Bisney then sent her an e-mail later that day complimenting her on her suit.

12. On or about May 15, 2005, Benz learned that Bisney had created a new website, www.kathy-benz.org. The website included photos of Benz clad in a bikini in invasion of her privacy as well as defamatory statements about her character. On or about May 16, 2005, Benz then contacted Bisney's friend, Louise Schiavo ("Schiavo"), to request that she tell Bisney to stop contacting Benz and take down the new website. Schiavo referred Benz to Bisney best friend, attorney George Huckaby ("Huckaby"). Benz then called Huckaby to plead with him to speak to Bisney. Huckaby responded by telling Benz never to call his office again. Following these contacts, Benz observed increased activity on the new website.

13. On or about May 18, 2005, Bisney again e-mailed Benz to demand that she not discuss their situation with other co-workers.

14. On or about May 21, 2005, Bisney again e-mailed Benz about a friend of hers, Suzie Kay ("Kay"). Bisney then decided to track Kay's movements.

15. Between May 21, 2005 and May 30, 2005, Bisney entered Benz' secure apartment building and left a birthday card under Benz' door. Benz' building had a picture of Bisney posted forbidding his entry. Personnel in Benz' building did not know how Bisney was able to enter the building.

16. On or about May 30, 2005, Bisney again sent an e-mail to Benz about Kay's attendance at a nightclub on May 27, 2005 as evidenced by a fake receipt, in spite of the fact that Kay did not attend the nightclub on May 27, 2005.

17. As a result of Bisney's stalking, invasion of privacy, defamation, contacts and postings on the Internet, Benz is suffering severe mental anguish and anxiety and fear for her physical safety.

## COUNT I
### (Civil Protection Order/Injunctive Relief)

18.     Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19.     Bisney has been stalking, defaming and invading the privacy of Benz, in spite of her demand that she not contact him further. Benz is concerned for her physical safety and emotional health due to Bisney's actions. Benz will suffer immediate, substantial and irreparable harm if Bisney is not enjoined from: 1) contacting, attempting to contracting or harassing Benz; 2) being within 25 yards of the apartment building where Benz resides; and 3) creating or maintaining any websites referring to Benz or blogging on the Internet concerning Benz.

WHEREFORE, Benz seeks judgment against Bisney under Count I of the Complaint for the following relief:

A)     Benz be awarded a civil protection order against Bisney;

B)     Bisney be permanently enjoined from: 1) contacting, attempting to contracting or harassing Benz; 2) being within 25 yards of the apartment building where Benz resides; and 3) creating or maintaining any websites referring to Benz, blogging or participating in chat rooms on the Internet concerning Benz.

C)     Costs and attorney's fees; and

D)     Such other and further relief as the Court deems proper.

4

Respectfully submitted,

*[signature]*

MARK G. CHALPIN, ESQ. #366794
1509 Woodwell Road
Silver Spring, MD 20906
(301) 460-5900
Attorney for Plaintiff