IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

KATHLEEN BENZ

  Plaintiff

v.            Case No.: 2005 CA 004205 B

JOHN BISNEY

  Defendant

## BINDING SETTLEMENT AGREEMENT AND RELEASE

This Binding Settlement Agreement and Release ("Agreement") dated July 11, 2005, is entered into by and between Plaintiff Kathleen Benz and Defendant John Bisney, and the parties agree to the following terms of the Agreement:

## RECITALS

WHEREAS, Plaintiff filed suit against Defendant in the Superior Court of the District of Columbia in an action styled as *Kathleen Benz v. John Bisney.*, Case No. 2005 CA 004205 B; and

WHEREAS, the parties to this civil action wish to settle amicably all claims of either party against the other which have or could have been assorted; and

WHEREAS, the parties deny the claims and allegations of each against the other and maintain that they have not committed any wrongful or unlawful acts or practices;

NOW THEREFORE, for and in consideration of the aforesaid premises and the mutual promises hereinafter expressed in this Agreement, and other good and valuable consideration, the adequacy and sufficiency of which are hereby acknowledged, the parties do hereby agree as follows:

  1.  The parties agree that neither will pay the other any money whatsoever.

05 1760

FILED

SEP - 2 2005

NANCY MAYER WHITTINGTON, CLE
U.S. DISTRICT COURT

EXHIBIT 5

1

2. The parties agree that they will not intentionally contact or communicate with each other.

3. While there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant, Defendant agrees to terminate any domain names using Plaintiff's name that Defendant has already created and to never create any new domain names using Plaintiff's name.

4. Plaintiff agrees to give to Defendant his passport through her attorney within one week of execution of this Agreement. Defendant agrees to give to Plaintiff any and all photographs that depict Plaintiff during a trip to Jamaica taken by the parties through his attorney within one week of execution of this Agreement.

5. The parties agree to file a Stipulation of Dismissal with Prejudice in Civil Action No. 2005 CA 004205 B, with each party bearing its own costs and attorney's fees.

6. The parties to the above-captioned Civil Action, their heirs, executors, administrators, personal representatives, successors in interest (whether by merger, consolidation or otherwise) and assigns, do hereby release, remise and forever discharge each other from any and all claims, debts, demands, accountings, causes of action or liabilities, of any nature whatever, matured or unmatured, contingent or absolute, known or unknown, whether within the contemplation of the parties or not, which either party may have or have had against the other up to and including the date of this Agreement. This Agreement shall operate as a complete, final and all inclusive general release by the parties, and only the affirmative obligations undertaken herein shall survive and remain unaffected by this provision.

7. This Agreement contains the entire agreement between the parties; there are no other agreements, understandings or representations, written or oral, express or implied, except as specifically set out herein; and there have been no inducements from either party to any other party, express or implied, to enter into this Agreement other than those expressly set out herein. It shall be binding upon and inure to the benefit of the parties hereto and their heirs, executors, administrators, personal representatives, successors in interest (whether by merger, consolidation or otherwise) and assigns. It shall be governed by and construed under the laws of the District of Columbia. No part of this Agreement, including this paragraph, may be waived, amended or modified in any way except by a writing signed by all parties.

8. In the event of a breach by either party, the other party shall have the right to enforce the contractual obligations of this Agreement.

9 The failure of either party to insist in any instance upon the strict performance of any of the terms of this Agreement shall not be construed as a waiver of such terms for the future and such terms shall terms shall nevertheless continue in full force and effect.

10. In the event any part of this Agreement shall be ruled invalid, such invalidity shall not invalidate the whole Agreement but the remaining provisions of this Agreement shall continue to be valid and binding and deemed to reflect fairly the intent and understanding of the parties in executing this Agreement.

11. The effective date of this Agreement is July 11, 2005.

12. The parties agree that signature by facsimile shall suffice and that the Agreement may be signed in counterparts.

13. Each party acknowledges that he or she has been represented in these proceedings by counsel of his or her choice and that he or she has consulted with said attorney regarding the provisions of this agreement.

_[signature: Kathy B]_                     _7-11-05_
KATHLEEN BENZ                              DATE


_____                     _____
JOHN BISNEY                                DATE

4