THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHLEEN A. BENZ, )
   450 Massachusetts Avenue, N.W. )
   Apartment 208 )
   Washington, DC 20001-6203 )
)
   Plaintiff, )
)
v. ) Civil Action No. 1:05cv01760
)
THE WASHINGTON NEWSPAPER )
  PUBLISHING COMPANY, LLC, )
   6408 Edsall Road )
   Alexandria, Virginia 22312 )
)
   SERVE: )
)
   C. T. CORPORATION SYSTEM )
   1015 Fifteenth Street, N.W. )
   Suite 1000 )
   Washington, DC 20005 )
)
And )
)
JOHN F. BISNEY, )
   5803 Ryland Drive )
   Bethesda, Maryland 20817-2538 )
)
   Defendants. )
)

FILED
SEP 2 - 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**CONSENT PRELIMINARY INJUNCTION**
(CONSENT MOTION FOR PRELIMINARY INJUNCTION
PURSUANT TO FED. RULE CIV. PRO. 65(a))

UPON CONSIDERATION of the Consent Motion for Preliminary Injunction

Pursuant to FED. RULE CIV. PRO. 65(a), the defendant John F. Bisney having been given notice

and an opportunity to be heard and having consented to the relief set forth below; the record in this case, and the applicable law, it is this 2nd day of September, 2005,

**FOUND AND ADJUDGED** that if the emergency relief sought by the Motion For Preliminary Injunction Pursuant To FED. RULE CIV. PRO. 65(a) Of Plaintiff, Kathleen A. Benz is not granted, plaintiff will suffer irreparable harm, including the unauthorized and improper use of her name, the unauthorized distribution of information about her; it is therefore

**ORDERED** that the Consent Motion For Preliminary Injunction Pursuant To FED. RULE CIV. PRO. 65(a) be and hereby is **GRANTED**; and it is further

**ORDERED** that defendant John F. Bisney, together with his agents, servants, employees, attorneys, alter egos, and all persons in active concert or participation with him who receive actual notice of this **PRELIMINARY INJUNCTION** by personal service or otherwise, be and hereby are **ENJOINED FROM** directly or indirectly: (1) using the name of plaintiff, Kathleen A. Benz, in any way, including but not limited to on the Internet, either by posting or replying to messages or advertisements; (2) transmitting the telephone numbers, address, work address, or email address of plaintiff, Kathleen A. Benz, to any person for any reason, including but not limited to on the Internet, either by posting or replying to messages or advertisements; (3) impersonating any other person in connection with any message or communication relating to or involving plaintiff, Kathleen A. Benz; (4) creating, establishing, funding, paying for, maintaining, operating, or being connected in any with any Internet website that uses the words "Kathleen Benz," "Kathy," "Kathleen," or "Benz;" (5) communicating in any way about, concerning, or regarding plaintiff, Kathleen A. Benz, unless such communication is made expressly in the name of John F. Bisney; (6) communicating

directly or indirectly with plaintiff, Kathleen A. Benz; and (7) coming within 300 feet of the person of plaintiff, Kathleen A. Benz; and it is further

**ORDERED** that defendant John F. Bisney, together with his agents, servants, employees, attorneys, alter egos, and all persons in active concert or participation with him who receive actual notice of this **PRELIMINARY INJUNCTION** by personal service or otherwise, be and hereby are **ENJOINED FROM** directly or indirectly: (8) from destroying or altering any materials relating in any way to any electronic mail messages, web postings, Internet postings, Internet access, Internet sites, Internet advertisements, IP addresses, responses to Internet advertisements, telephone calls, or communications of any type about, regarding, naming, or directed to plaintiff, Kathleen A. Benz, or to any Internet website that contains the words "Kathy Benz," "Kathleen Benz," "Kathleen," "Kathy," or "Benz;" and (9) from altering or changing in any way the hard drive of any computer to which defendant John F. Bisney has had access since April 1, 2005; and it is further

**ORDERED** that if the parties are unable to settle this matter and proceed with litigation, defendant John F. Bisney shall make an exact image of the hard drive of any and all computers within his possession, custody, or control, including but not limited to his personal computer or computers and will use his best efforts to obtain an exact image of the hard drive of any computer or computers to which he has access in his place of employment, and deliver the same to counsel for plaintiff, Kathleen A. Benz, within three (3) working days of receipt by counsel for defendant John F. Bisney of a written statement by counsel for plaintiff, Kathleen A. Bisney, that settlement discussions have been suspended and that plaintiff, Kathleen A. Bisney, intends to proceed with litigation of this action; and it is further

3

**ORDERED** that plaintiff, Kathleen A. Benz, need post no bond as security for this Preliminary Injunction; and it is further

**ORDERED** that this Preliminary Injunction shall remain in effect until further **ORDER** of this Court.

*/s/ Emmet G. Sullivan*
JUDGE, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

9/2/05

Order Motion PI Final.doc

4

Case 1:05-cv-01760-EGS    Document 3    Filed 09/02/2005    Page 4 of 4