IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHLEEN A. BENZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05cv1760 (EGS) |
| | ) | |
| THE WASHINGTON NEWSPAPER | ) | |
| PUBLISHING COMPANY, LLC | ) | |
| and | ) | |
| JOHN F. BISNEY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THE WASHINGTON NEWSPAPER PUBLISHING COMPANY, LLC'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant The Washington Newspaper Publishing Company, LLC ("Defendant"), by and through its undersigned attorneys, as and for its Answer to Plaintiff's Second Amended Complaint, alleges as follows:

1. Paragraph 1 of Plaintiff's Second Amended Complaint states a legal conclusion and requires no response, but Defendant does not contest subject matter jurisdiction.

2. Paragraph 2 of Plaintiff's Second Amended Complaint states a legal conclusion and requires no response, but Defendant does not contest venue.

3. Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiff's Second Amended Complaint.

4. Admits the allegations in paragraph 4 of Plaintiff's Second Amended Complaint, except that Defendant's principal place of business is 1015 Fifteenth Street, N.W., Suite 500, Washington, D.C.

5. Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 through 9 of Plaintiff's Second Amended Complaint.

6. Admits the allegations in paragraph 10 of Plaintiff's Second Amended Complaint.

7. Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 11 through 78 of Plaintiff's Second Amended Complaint.

8. Is without knowledge or information sufficient to form a belief as to the e-mail attached as Exhibit 1 to the Complaint, but avers that the "article" referred to in paragraph 79 of Plaintiff's Second Amended Complaint and attached as Exhibit 1 to the Complaint speaks for itself.

9. Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 80 through 107 of Plaintiff's Second Amended Complaint.

10. Is without knowledge or information sufficient to form a belief as to the documents attached as Exhibit 2 to the Complaint, but avers that the documents referred to in paragraph 108 of Plaintiff's Second Amended Complaint and attached as Exhibit 2 to the Complaint speak for themselves.

11. Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 109 through 116 of Plaintiff's Second Amended Complaint.

12. The lawsuit and settlement referred to in paragraph 117 through 121 of Plaintiff's Second Amended Complaint and Exhibits 3 - 5 to the Complaint speak for themselves. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 117 through 121 of Plaintiff's Second Amended Complaint.

13. Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 122 through 168 of Plaintiff's Second Amended Complaint. To the extent those paragraphs describe documents attached as Exhibits to the Complaint, those documents speak for themselves.

14. To the extent Paragraphs 169 through 175 of Plaintiff's Second Amended Complaint constitute legal argument, they require no response. To the extent a response is

required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 169 through 175.

15.     Admits the allegations in paragraph 176 of Plaintiff's Second Amended Complaint.

16.     Denies the allegations in paragraphs 177 and 178 of Plaintiff's Second Amended Complaint and avers that the August 19, 2005 column (the "Column") speaks for itself.

17.     Admits that the Column was for some time available on The Examiner's website, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 179 of Plaintiff's Second Amended Complaint.

18.     Admits the allegations in paragraph 180 of Plaintiff's Second Amended Complaint.

19.     Denies each and every allegation in paragraph 181 of Plaintiff's Second Amended Complaint.

20.     Is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of Plaintiff's Second Amended Complaint.

21.     Admits that, upon information and belief, someone identifying herself as Kathleen Benz made various telephone calls to Karen Feld but denies each and every remaining allegation in paragraphs 183 through 193 of Plaintiff's Second Amended Complaint.

22.     Admits that Defendant published a Correction in the September 30, 2005 edition of The Examiner, avers that the Correction is attached as Exhibit 19 to the Second Amended Complaint and speaks for itself, and denies each and every remaining allegation in paragraph 194. Further, in light of the Court's ruling on September 29, 2006, paragraph 194 should be stricken from the Second Amended Complaint.

23.     To the extent Paragraphs 195 through 204 of the Second Amended Complaint constitute legal argument, they require no response. To the extent a response is required,

Defendant denies each and every allegation contained in paragraphs 195 through 204, except admits that Karen Feld was an independent contractor of Defendant The Washington Newspaper Publishing Company, LLC.

24. As to the allegations in paragraph 205 of the Second Amended Complaint, Defendant incorporates its responses to paragraphs 1 through 204.

25. To the extent Paragraphs 206 through 217 of the Second Amended Complaint constitute legal argument, they require no response. To the extent a response is required, Defendant denies each and every allegation in paragraphs 206 through 217. Further, the Court's September 29, 2006 Order dismissed Claim One against Defendant with regard to the September 30, 2005 Correction.

26. Paragraphs 218 through 236 of the Second Amended Complaint state a claim only against Defendant John Bisney, not against The Washington Newspaper Publishing Company, LLC. In addition, Claim Two was dismissed by the Court in its September 29, 2006 Order. To the extent a response is required by Defendant The Washington Newspaper Publishing Company, LLC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 218 through 236.

27. As to the allegations in paragraph 237 of the Second Amended Complaint, Defendant incorporates its responses to paragraphs 1 through 236.

28. To the extent Paragraphs 238 through 246 of the Second Amended Complaint constitute legal argument, they require no response. To the extent a response is required, Defendant denies each and every allegation in paragraphs 238 through 246.

29. As to the allegations in paragraph 247 of the Second Amended Complaint, Defendant incorporates its responses to paragraphs 1 through 246.

30. To the extent Paragraphs 248 through 259 of the Second Amended Complaint constitute legal argument, they require no response. To the extent a response is required,

Defendant denies each and every allegation in paragraphs 248 through 259. Further, the Court's September 29, 2006 Order dismissed Claim Four against Defendant with regard to the September 30, 2005 Correction.

31.  Paragraphs 260 through 282 of the Second Amended Complaint state a claim only against Defendant John Bisney, not against The Washington Newspaper Publishing Company, LLC. To the extent a response is required by Defendant The Washington Newspaper Publishing Company, LLC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 260 through 282.

### AFFIRMATIVE DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Second Amended Complaint are barred, in whole or in part, because the challenged statements are not defamatory statements of fact.

### THIRD AFFIRMATIVE DEFENSE

The claims in the Second Amended Complaint are barred, in whole or in part, because the challenged statements are protected by the First and Fourteenth Amendments to the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

The claims in the Second Amended Complaint are barred, in whole or in part, because the Plaintiff cannot show the applicable standard of fault.

**FIFTH AFFIRMATIVE DEFENSE**

The claims in the Second Amended Complaint are barred, in whole or in part, because Plaintiff cannot show that the challenged statements are substantially false.

**SIXTH AFFIRMATIVE DEFENSE**

The claims in the Second Amended Complaint are barred, in whole or in part, because the challenged statements are statements of opinion protected by the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims in the Second Amended Complaint are barred, in whole or in part, because Plaintiff cannot show that the challenged statements are highly offensive.

**EIGHTH AFFIRMATIVE DEFENSE**

The privacy claims in the Second Amended Complaint are barred, in whole or in part, because the facts are not private.

**NINTH AFFIRMATIVE DEFENSE**

The privacy claims in the Second Amended Complaint are barred, in whole or in part, because the facts are newsworthy.

**TENTH AFFIRMATIVE DEFENSE**

The privacy claims in the Second Amended Complaint are barred, in whole or in part, to the extent the facts are not true.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any injury proximately caused by Defendant, and may not recover presumed damages because she cannot prove constitutional actual malice.

**TWELFTH AFFIRMATIVE DEFENSE**

The claim for punitive damages is barred, in whole or in part, by the First Amendment and the due process clause of the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claim for punitive damages is barred, in whole or in part, because Plaintiff cannot show outrageous conduct or an evil motive.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claim for punitive damages is barred, in whole or in part, because Plaintiff cannot show actual or common law malice.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege special damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claim for costs of litigation is barred because Plaintiff cannot show any basis for such costs, and Defendant has not acted in bad faith.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant relied on a reputable freelance reporter and had no reason to doubt the accuracy of the reporting.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant was a victim of fraud and misrepresentation by defendant John Bisney.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for the actions and/or omissions of Defendant John Bisney, nor for any statements that Bisney published about Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant has mitigated any damages by publishing a correction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Injunctive relief is not appropriate in this case because Plaintiff has an adequate remedy at law.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

Injunctive relief is not available in this case because such relief would constitute a violation of the First and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Defendant The Washington Newspaper Publishing Company, LLC respectfully demands judgment against Plaintiff:

(a) dismissing the Second Amended Complaint;

(b) awarding Defendant the costs of this action, including reasonable attorneys' fees; and

(c) awarding Defendant such other and further relief as the Court deems just and proper.

Defendant demands a trial by jury.

Dated this 2nd day of November, 2006.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____/s/_____
    Laura R. Handman (D.C. Bar No. 444386)
    Amber L. Husbands (D.C. Bar No. 481565)
DAVIS WRIGHT TREMAINE LLP
1500 K Street, N.W., Suite 450
Washington, D.C. 20005-1272
(202) 508-6600
(202) 508 6699 fax

Attorneys for Defendant The Washington Newspaper Publishing Company, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 2, 2006, I caused the foregoing to be served electronically on counsel of record by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF).

                                        _____/s/_____
                                        Amber L. Husbands
                                        DAVIS WRIGHT TREMAINE LLP
                                        1500 K Street, N.W., Suite 450
                                        Washington, D.C.  20005-1272
                                        (202) 508-6600