IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>THE WASHINGTON NEWSPAPER )<br>PUBLISHING COMPANY, LLC )<br>)<br>and )<br>)<br>JOHN F. BISNEY )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:05cv1760 (EGS) |

**MOTION OF DEFENDANT JOHN F. BISNEY
TO DISMISS CLAIM TWO OF THE
<u>SECOND AMENDED COMLAINT</u>**

Defendant John F. Bisney moves this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b) to dismiss Claim Two of the Second Amended Complaint for failure to state a claim upon which relief can be granted. The Second Amended Complaint simply adds allegations relating to Plaintiff's theory about how Defendant Bisney might have learned that she had herpes. Most significantly, the new allegations involve events in May 2004, more than one year before the Plaintiff and Defendant Bisney entered into a Settlement Agreement releasing each other from all claims then existing, whether known or unknown. Thus, the theoretical act of intrusion underlying the new allegations is barred by the terms of the Settlement Agreement. It is important to

1

note that the terms of the Settlement Agreement have been incorporated into the Second Amended Complaint and are therefore properly before this Honorable Court.

Defendant is filing a Memorandum of Points and Authorities in Support of Motion of Defendant John F. Bisney to Dismiss Claim Two of the Second Amended Complaint along with this Motion.

Respectfully submitted,

/s/ Larry S. Gondelman
(D.C. Bar No. 950691)
1875 Eye Street, NW
12th Floor
Washington, DC 20006
202.466.6550
202.785.1756 (fax)
larry.gondelman@ppsv.com

Counsel for Defendant John F. Bisney

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served electronically, by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF), this the 2nd day of November, 2006, upon the following:

>William Alden McDaniel, Jr.
>LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR.
>118 W. Mulberry Street
>Baltimore, MD 21201
>Counsel for Plaintiff Kathleen A. Benz
>
>Laura R. Handman
>DAVIS WRIGHT TREMAINE LLP
>1500 K Street, N.W., Suite 450
>Washington, D.C. 20005
>Counsel for Defendant The Washington Newspaper Publishing Company, LLC

>/s/ Larry S. Gondelman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ<br><br>Plaintiff<br><br>v.<br><br>THE WASHINGTON NEWSPAPER PUBLISHING COMPANY, LLC<br><br>and<br><br>JOHN F. BISNEY<br><br>Defendants. | Civil Action No. 1:05cv1760 (EGS) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION OF DEFENDANT JOHN F. BISNEY
TO DISMISS CLAIM TWO OF THE SECOND AMENDED COMPLAINT**

Plaintiff's attempt to salvage her claim of Intrusion upon Seclusion in her Second Amended Complaint must be rejected by the Court on several grounds. As Plaintiff well knows, she released Defendant Bisney from all claims, known and unknown, that she may have had against him "up to and including the date of" their settlement agreement, i.e. July 11, 2005.[1] The only new allegations in the Second Amended Complaint involve Plaintiff's supposition that Defendant Bisney must have read a private letter from her doctor during a vacation that she took with Defendant Bisney in May 2004, more than a year before the Settlement Agreement.

In dismissing Claim Two, Intrusion on Seclusion, the Court noted that, although plaintiff alleged that Bisney invaded her privacy by intruding upon her seclusion, she

---

[1] That agreement was attached to and incorporated into the original Complaint filed in this matter. *See Complaint, ¶ 106.* Therefore, it may properly be considered by this Court in ruling on this Motion to Dismiss.

1

"does not specify how Bisney invaded or interfered with her seclusion by physical intrusion." (Memorandum Opinion, p. 23). The only specific act of intrusion addressed by the Court related to the fact that plaintiff suffers from herpes. The Court noted that plaintiff failed "to explain whether Bisney learned of this fact by physical intrusion into a place where she secluded herself," specifically pointing out that plaintiff did not allege that Bisney learned that she had herpes "by eavesdropping on her private conversations or looking through her personal papers." The Court then held that "if plaintiff told Bisney about her condition, then she cannot claim that he intruded into a place where she secluded herself."

In an effort to conjure up facts sufficient to allege a claim for Intrusion upon Seclusion, Plaintiff uses her imagination to great effect in weaving a tale of how Defendant Bisney could possibly have learned of her affliction. She alleges that Bisney "has looked into the private papers of Kathleen A. Benz, on numerous occasions," although she only specifically mentions one occasion in 2004 when he allegedly read some of her e-mails. ¶¶ 34, 72. She then states that she took a letter from her physician with her on a vacation that she and Bisney took together to Jamaica in May **2004**. This letter indicated that Benz suffers from Mollaret's meningitis. Benz claims that she never showed this letter to Bisney.

Significantly, the letter apparently does not say anything about Benz having herpes. Instead, Benz asserts that herpes simplex type-2 is "the most commonly associated etiologic agent of Mollaret's meningitis." ¶ 39. This leads to the amazing leap that "on information and belief that defendant John F. Bisney learned that plaintiff,

2

Kathleen A. Benz, suffered or probably suffered from herpes by improperly and without authorization reading Ms. Benz's private correspondence from treating physician." ¶ 40. What remains unalleged in this fairy tale is that Bisney must have looked up Mollaret's meningitis, discovered that it is commonly caused by herpes, and concluded that Benz must have herpes. However, even if Plaintiff had included these allegations in her Second Amended Complaint, they simply are insufficient to support a claim that Bisney intruded upon Plaintiff's seclusion. They constitute nothing more than rank speculation.

This imaginative effort by Plaintiff to plead an Intrusion upon Seclusion claim is even more of a stretch in light of the fact that the article upon which Plaintiff relies to impute knowledge by Defendant Bisney of her affliction cannot reasonably be read as a proclamation that Plaintiff has herpes. That article discusses a supposed relationship between Plaintiff and a producer of pornography. It opines that the porn producer is finally in a relationship in which he is not the sluttier one and ends with the phrase, "Happy herpes." The reference to herpes hardly amounts to a statement that Plaintiff has herpes. Given the innocuous nature of this expression, it is not a sufficient basis upon which to base the conclusion that Defendant Bisney surreptitiously obtained a letter from Plaintiff's doctor that makes no mention of herpes and realized that herpes is an etiologic cause of her meningitis.

Of course, an even more significant defect in these new allegations is that the alleged tortious conduct, i.e. the act of physical intrusion, is alleged to have occurred in May 2004. This is well before the parties entered into a Settlement Agreement whereby Plaintiff released Defendant Bisney from any act that had occurred before July 11, 2005.

3

Defendant Bisney assumes that Plaintiff is well aware that her Settlement Agreement precludes utilizing an alleged act of reading a letter in 2004 to support a claim of Intrusion upon Seclusion. Instead, it appears from the new allegations in the Second Amended Complaint that Plaintiff is taking the position that **the disclosure** of this previously learned fact occurred after the settlement and that it is **the disclosure** that constitutes the tort of Intrusion upon Seclusion. For example, Plaintiff alleges in ¶ 233 that:

> [t]he acts and omissions of defendant John F. Bisney, ... **by revealing** that plaintiff, Kathleen A. Benz, suffers from herpes, constitute an invasion or interference by physical intrusion, by use of defendant John F. Bisney's sense of sight and hearing, into the private or secret concerns of plaintiff.

(emphasis added).

Of course, the act of disclosure has nothing to do with the tort of Intrusion upon Seclusion. Therefore, disclosure of this fact after the effective date of the Settlement Agreement cannot resurrect this previously released claim. Claim Two of the Second Amended Complaint must therefore be dismissed.

          Respectfully submitted,

/s/ Larry S. Gondelman
(D.C. Bar No. 950691)
1875 Eye Street, NW
12th Floor
Washington, DC 20006
202.466.6550
202.785.1756 (fax)
larry.gondelman@ppsv.com

Counsel for Defendant John F. Bisney

4

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served electronically, by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF), this the 2nd day of November, 2006, upon the following:

> William Alden McDaniel, Jr.
> LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR.
> 118 W. Mulberry Street
> Baltimore, MD 21201
> Counsel for Plaintiff Kathleen A. Benz
>
> Laura R. Handman
> DAVIS WRIGHT TREMAINE LLP
> 1500 K Street, N.W., Suite 450
> Washington, D.C. 20005
> Counsel for Defendant The Washington Newspaper
> Publishing Company, LLC

/s/ Larry S. Gondelman