IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:05cv01760 |
| | ) |
| THE WASHINGTON NEWSPAPER | ) |
| PUBLISHING COMPANY, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**JOINT STATUS REPORT**

Your Honor:

This firm represents plaintiff, Kathleen A. Benz, in the above-referenced action. In accordance with the Court's September 29, 2006, Order, counsel for plaintiff and counsel for defendants conferred by telephone Tuesday, November 7, 2006, to discuss the matters set forth in LCvR 16.3. This letter serves as a joint report of that conference call.

Counsel discussed the fourteen (14) matters set forth in LCvR 16.3(c). Counsel were able to agree on certain items but could not come to an agreement regarding the timing of discovery or Alternative Dispute Resolution. The following summarizes the agreements reached by counsel and, where applicable, the respective positions regarding matters on which the parties do not agree:

    1.    <u>Dispositive Motions</u>: Plaintiff does not believe that this matter can be resolved by dispositive motion.

Defendants believe that this matter can be resolved by motions for summary judgment at the appropriate time.

The parties agree that discovery and other matters should not be stayed pending the Court's resolution of any dispositive motion.

2. <u>Joinder/Amendment Of Pleadings</u>: The parties agree that any joinder of parties or amendment of pleadings should be accomplished by February 1, 2007. The parties further agree that no narrowing of factual or legal issues is possible at this time.

3. <u>Assignment To Magistrate Judge</u>: The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes, including trial.

4. <u>Settlement</u>: Plaintiff and defendant John F. Bisney engaged in settlement discussions between October and November, 2005, but were unable to resolve this matter. While plaintiff and The Washington Newspaper Publishing Company LLC discussed settlement, no demand or offer was made while the motion to dismiss was pending.

Plaintiff is willing to engage in settlement discussions but prefers to engage in discovery to ensure that any settlement discussions will be as fruitful as possible. Plaintiff does not believe that attempts to engage in Alternative Dispute Resolution prior to accomplishing at least some discovery will result in the parties reaching a fair and equitable resolution. Plaintiff has no way of knowing, without engaging in discovery, whether she knows the material facts pertaining to this case and, with regard to defendant Bisney, whether Bisney's extensive claims of privilege have any basis in law for fact. For these reasons, plaintiff strongly opposes ADR before she has had an opportunity to engage in discovery.

Defendants propose that the parties immediately engage in Alternative Dispute Resolution because many of the material facts are known already by the parties. In the course of settlement discussions, Defendant Bisney provided Plaintiff

with financial information. In addition, he has provided Plaintiff with all non-privileged data, both relevant and irrelevant, from his computer's hard-drive. Delay will only result in further costs for all parties.

5. <u>Alternative Dispute Resolution</u>: Plaintiff does not oppose engaging in Alternative Dispute Resolution, but proposes that ADR would be most fruitful after discovery has taken place. Plaintiff proposes that the parties revisit this issue in February 2007. At that point, the parties should have developed the factual record to an extent where meaningful Alternative Dispute Resolution can proceed.

Defendants disagree and would like to begin the process of Alternative Dispute Resolution immediately.

6. <u>Summary Judgment/Motion To Dismiss</u>: Plaintiff does not believe this case can be resolved by a motion for summary judgment.

Defendants disagree. Defendants believe this case can be resolved on motions for summary judgment and propose that such motions be filed thirty (30) days after the close of discovery. Responses would be due thirty (30) days thereafter and replies two (2) weeks thereafter. The parties did not propose a date by which the Court should rule upon any motions for summary judgment. Plaintiff does not oppose this schedule.

7. <u>FED. RULE CIV. PRO. 26(a)(1)</u>: The parties agree to dispense with the initial disclosures required by FED. RULE CIV. PRO. 26(a)(1).

8. <u>Extent Of Discovery</u>: The parties agree that as discovery proceeds documents and other evidence will be produced that should be subject to a protective order. The parties will discuss such protective orders as the need arises.

Plaintiff proposes that all discovery be completed by June 15, 2007.

Defendants disagree and propose that all discovery be completed by August 31, 2007.

9. FED. RULE CIV. PRO. 26(a)(2): The parties agree that the requirements of FED. RULE CIV. PRO. 26(a)(2) should not be modified but could not agree as to the timing of the disclosures required by that rule.

Plaintiff proposes that she designate her expert witnesses by March 1, 2007; defendants designate their expert witnesses by May 1, 2007; and any rebuttal expert witnesses be designated by May 15, 2007. Expert witness depositions would take place at the end of May and early June, 2007.

Defendants propose that plaintiff designate her expert witnesses by June 29, 2007; defendants designate their expert witnesses by July 30, 2007; and rebuttal expert witnesses be designated by August 17, 2007. Expert witness depositions would take place up until defendants' proposed discovery deadline of August 31, 2007.

10. Class Action: Plaintiff is not pursuing this case as a class action or putative class action.

11. Bifurcation Of Trial And/Or Discovery: The parties agree that neither the trial nor discovery should be bifurcated at this time.

12. Pretrial Conference: Plaintiff believes the Court should hold a pretrial conference June 15, 2007.

Defendants disagree and propose the Court hold a pretrial conference sixty (60) days after the Court resolves defendants' motions for summary judgment.

13. Trial Date: Plaintiff requests the Court set a trial date at the initial scheduling hearing November 21, 2006.

Defendants request the Court set a trial date at the pretrial conference.

14.     Other Matters:  The parties did not discuss any other matters.

In accordance with LCvR 16.3(d), plaintiff has attached a proposed Scheduling Order for the Court's review.  As noted above, the parties have not agreed on the deadlines regarding discovery.  In light of this disagreement, also attached is a proposed Scheduling Order for plaintiffs, and a proposed Scheduling Order for defendants.

      Respectfully submitted,

      LAW OFFICES OF
      WILLIAM ALDEN McDANIEL, JR.


      */S/ Bassel Bakhos*
      Bassel Bakhos
      *Pro Hac Vice*

      118 West Mulberry Street
      Baltimore, Maryland 21201
      Tel.:  410.685.3810
      Fax:  410.685.0203
      bb@wamcd.com

      ***Lawyers for Plaintiff, Kathleen A. Benz***

cc:     Laura R. Handman, Esquire
       Amber Husbands, Esquire
       Larry Gondelman, Esquire
Joint Status Report