IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>THE WASHINGTON NEWSPAPER )<br>PUBLISHING COMPANY, LLC )<br>)<br>and )<br>)<br>JOHN F. BISNEY )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:05cv1760 (EGS) |

### REPLY MEMORANDUM OF DEFENDANT JOHN F. BISNEY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS CLAIM TWO OF THE SECOND AMENDED COMPLAINT

Once again, Plaintiff has resorted to the procedurally improper tactic of making new allegations **outside of the Complaint** in response to a Motion to Dismiss. Despite numerous references to the Settlement Agreement between Plaintiff and Defendant Bisney in the First and Second Amended Complaints and despite the fact that Defendant Bisney specifically referred to the Settlement Agreement in his initial Motion to Dismiss, Plaintiff never before made any mention of her latest theory, i.e. that Defendant Bisney fraudulently induced her to enter into the Settlement Agreement and that it is therefore of no force and effect. It was only after Defendant Bisney pointed out the obvious fact that the facts added to the Second Amended Complaint preceded the Settlement Agreement

that Plaintiff has decided to try to undo that agreement.[1] An opposition to a motion is not the appropriate place to add allegations to a Complaint. If Plaintiff intends to rely on this latest theory, she can only do so by attempting to file yet another amended complaint.

It is also important to note that the argument made by Plaintiff is seriously flawed. Plaintiff's argument is premised on the theory that Defendant Bisney's actions within eight days of executing the agreement prove that he never had any intention of abiding by the agreement and that therefore he fraudulently induced her to sign it. The only provision of the agreement that Bisney is alleged to have violated is paragraph 2 which provides that "[t]he parties agree that they will not intentionally contact or communicate with each other."

The problem for Plaintiff is that none of the actions allegedly taken by Defendant Bisney violate the agreement. The posting of the article on the Internet was not a contact with Plaintiff. E-mails sent to Plaintiff's family were not contacts with Plaintiff. Impersonating Plaintiff on the Internet was not a contact with Plaintiff.

The only two actions that could possibly be construed as a contact with the Plaintiff are two alleged fake messages sent to her that purported to be from her superior and a colleague at CNN. One of these e-mails was sent on July 31 and the other on August 22, twenty days and forty-two days after the execution of the agreement. Given that the messages did not indicate in any way that they were from Defendant Bisney, it is questionable whether they violate the Settlement Agreement. Moreover, even if they do

---

[1] The first time Plaintiff made new allegations outside of the Complaint was in response to Defendant Bisney's initial motion to dismiss. In her Opposition to that motion, Plaintiff disclosed that she had herpes in an effort to salvage her claim of Intrustion upon Seclusion. When the Court dismissed that claim, she added the factual allegations regarding her condition to the Second Amended Complaint.

2

violate the agreement, they hardly constitute actions sufficient to support an allegation of fraudulent inducement.

Indeed, it is interesting to note that Plaintiff offers absolutely no case law to support the notion that the claim she makes is in fact legally supportable. There is no mention at all of the elements of a claim for fraudulent inducement. If Plaintiff wants to pursue this latest theory, she can seek to file yet another amended complaint in which she attempts to marshal sufficient facts into a legally cognizable claim. However, she cannot do so by merely incanting the magic words "fraudulent inducement" in an opposition to a motion to dismiss.

                Respectfully submitted,

/s/ Larry S. Gondelman
(D.C. Bar No. 950691)
1875 Eye Street, NW
12th Floor
Washington, DC  20006
202.466.6550
202.785.1756 (fax)
larry.gondelman@ppsv.com

Counsel for Defendant John F. Bisney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that copies of the foregoing were served electronically, by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF), this the 17th day of November, 2006, upon the following:

>William Alden McDaniel, Jr.
>LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR.
>118 W. Mulberry Street
>Baltimore, MD 21201
>Counsel for Plaintiff Kathleen A. Benz
>
>Laura R. Handman
>DAVIS WRIGHT TREMAINE LLP
>1500 K Street, N.W., Suite 450
>Washington, D.C. 20005
>Counsel for Defendant The Washington Newspaper
>Publishing Company, LLC

/s/ Larry S. Gondelman