IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KATHLEEN A. BENZ** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:05cv1760 (EGS)** |
| | ) | |
| **THE WASHINGTON NEWSPAPER** | ) | |
| **PUBLISHING COMPANY, LLC** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JOHN F. BISNEY** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ANSWER OF DEFENDANT JOHN F. BISNEY
## TO SECOND AMENDED COMPLAINT

1.      The allegations of paragraph 1 of the First Amended Complaint are legal

allegations relating to the subject matter jurisdiction of the Court and require no answer.

To the extent that an answer is required, Defendant John F. Bisney ("Bisney") admits that

the parties are citizens of different states, but denies that the amount in controversy

exceeds $75,000.

2.      The allegations of paragraph 2 of the First Amended Complaint are legal

allegations relating to the venue of this action and require no answer.  To the extent that

an answer is required, Bisney admits the allegations.

3.      Admitted.

4.      Bisney lacks sufficient information upon which to admit or deny the allegations

contained in paragraph 4.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Bisney lacks sufficient information upon which to admit or deny the allegations contained in paragraph 8.

9.      Admitted.

10.     Bisney lacks sufficient information upon which to admit or deny the allegations contained in the second sentence of paragraph 10.

11.     Admitted.

12.     Bisney admits that he was discharged by CNN in June 2005 in part as a result of allegations made against him by Plaintiff Kathleen A. Benz ("Benz").  Bisney denies that he harassed Benz.

13.     Bisney is 52 years old.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Bisney admits that his relationship with Benz ended in May 2005.  Bisney admits that he established websites with a domain name that included Plaintiff's name.  Bisney denies the remaining allegations in paragraph 17.  Bisney avers that all allegations relating to the issues of Plaintiff's e-mails and the websites were settled as part of the Settlement Agreement referred to in paragraph 106 of the First Amended Complaint.

18.     Admitted.

19.     Bisney admits that he and Benz stayed in separate rooms when they traveled together.  Bisney avers that the rooms were usually part of a two bedroom suite.

20.     Bisney admits that Benz accepted gifts from him, but lacks sufficient information upon which to admit or deny the remaining allegations contained in paragraph 20.

21.     Denied.

22.     Admitted.

23.     Denied.

24.     Denied.

25.     Admitted.

26.     Admitted.

27.     Denied.

28.     Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 28.

29.     Admitted.

30.     Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 30.

31.     Admitted.

32.     Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 32.

33.     Denied.

34.     Denied.

35.     Admitted.

36.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 36.

37.    Bisney admits that Plaintiff did not show him a letter from her treating physician, but lacks sufficient information upon which to admit or deny the remaining allegations in paragraph 37.

38.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 38.

39.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 39.

40.    Denied.

41.    Bisney admits that Plaintiff did not authorize or consent to disclosure by him that she suffers from a form of herpes.  Bisney denies knowing that Plaintiff suffers from a form of herpes.  Therefore, Bisney could not have disclosed this fact.

42.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 42.

43.    Admitted.

44.    Bisney admits that Benz has been under the care of a physician for migraines. Bisney lacks sufficient information upon which to admit or deny the allegations regarding epilepsy.  The allegations regarding "related problems" are so vague that Bisney is unable to respond to them.

45.    Bisney lacks sufficient information upon which to admit or deny the allegations contained in the second sentence of paragraph 45.

46.    Bisney admits that Benz suffered from migraines when she first met him in 1997.

Bisney lacks sufficient information upon which to admit or deny the allegations regarding epilepsy. The allegations regarding "related problems" are so vague that Bisney is unable to respond to them.

47.    Bisney admits that Benz told him that she suffered from migraines. Bisney denies that Benz told him that she suffered from epilepsy. The allegations regarding "related problems" are so vague that Bisney is unable to respond to them.

48.    Bisney admits that Benz told him that stress plays a role in migraines. Bisney denies that Benz told him anything about epilepsy. The allegations regarding "related problems" are so vague that Bisney is unable to respond to them. Bisney denies the remaining allegations in paragraph 48.

49.    Bisney admits that Benz told him that she took medication for migraines. Bisney denies that Benz told him that she took medication for epilepsy. The allegations regarding "related problems" are so vague that Bisney is unable to respond to them.

50.    Bisney admits that Benz told him that she was under the care of a physician for migraines. Bisney denies that Benz told him that she was under the care of a physician for epilepsy. The allegations regarding "related problems" are so vague that Bisney is unable to respond to them.

51.    Denied.

52.    Admitted.

53.    Admitted.

54.    Admitted.

55.    Denied.

56.    Bisney admits that he saw Benz in the hospital due to migraines.  Bisney denies that he saw Benz in the hospital for treatment of epilepsy.  The allegations regarding "related problems" are so vague that Bisney is unable to respond to them.

57.    Bisney admits that he saw Benz take medication for migraines.  Bisney denies that he saw Benz take medication for epilepsy.  The allegations regarding "related problems" are so vague that Bisney is unable to respond to them.

58.    Bisney admits that he saw Benz visit a physician for treatment of migraines. Bisney denies that he saw Benz visit a physician for treatment of epilepsy.  The allegations regarding "related problems" are so vague that Bisney is unable to respond to them.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Admitted.

63.    Bisney admits that he loaned Benz money in order to pay her tuition, but denies the remaining allegations of paragraph 63.

64.    Bisney admits that he told Benz that his father had left him some money, but denies the remaining allegations of paragraph 50.

65.    Bisney admits that he told Benz that he had investments, but denies the remaining allegations of paragraph 51.

66.    Denied.

67.    Denied.

68.     Bisney admits that he told Benz that he had no dependents, but denies the remaining allegations of paragraph 68.

69.     Denied.

70.     Bisney admits that he told Benz at various times in their relationship that he desired to have a romantic and sexual relationship with her.

71.     Denied.

72.     Bisney admits that in or about March 2004, he reviewed approximately 10 e-mail messages on Benz's Blackberry and that Benz discovered that he had done so.  Bisney denies the remaining allegations of paragraph 72.  Bisney avers that any claim based on this action was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

73.     Admitted.  Bisney avers that any claim based on this action was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

74.     Admitted.  Bisney avers that any claim based on this action was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Bisney admits the he sent Benz an e-mail with an "article" that he had written.  As for the substance of the article, it speaks for itself.  Bisney avers that any claim based on

this article was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

79.    The article speaks for itself. Bisney avers that any claim based on article was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

80.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 80. Bisney avers that Benz had mentioned all of these men as people with whom she had some sort of relationship.

81.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 81. Bisney avers that Benz had mentioned all of these men as people with whom she had some sort of relationship.

82.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 82.

83.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 83. Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

84.    Admitted. Bisney avers that any claim based on this action was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged

in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

85.     Admitted.  Bisney avers that any claim based on this action was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.  Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

86.     Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 86.  Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.  Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

87.     Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 87.  Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.  Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

88.     The content of the websites speak for themselves.  Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.  Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that

"there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

89.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 89. Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

90.    Bisney admits that he established the two websites cited in paragraph 90. Bisney lacks sufficient information upon which to admit or deny the remaining allegations in paragraph 90. Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

91.    Admitted. Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

92.    Admitted. Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged

10

in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

93.     Admitted.

94.     Admitted.  Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.  Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

95.     Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 95.  Bisney avers that any claim based on these Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.  Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

96.     Denied.  Bisney avers that any claim based on the alleged actions in paragraph 96 was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

97.     Denied.  Bisney avers that any claim based on the alleged actions in paragraph 97 was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

98.     Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 98.  Bisney avers that any claim based on this Internet site was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the

Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

99. Admitted. Bisney avers that any claim based on this Internet site was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

100. Admitted. Bisney avers that any claim based on this Internet site was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

101. Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 101. Bisney avers that any claim based on this Internet site was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

102. The content of the Internet site speaks for itself. Bisney avers that any claim based on this Internet site was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

103.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 103. Bisney avers that any claim based on this Internet site was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

104.    Bisney admits that he established the Internet website, www.kathy-benz.org. Bisney avers that any claim based on this Internet site was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

105.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 105. Bisney avers that any claim based on this Internet site was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

106.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 106. Bisney avers that any claim based on this Internet site was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged

in the Settlement Agreement that "there was nothing tortious or illegal with the use of

Plaintiff's name in domain names created and maintained by Defendant."

107.     Bisney admits that he added a picture of Benz in a bathing suit that he had taken

while the two of them vacationed together.  Bisney avers that the picture does not include

Benz's face and that it is impossible to tell that it is a picture of her.  Bisney further avers

that any claim based on this Internet site was fully and completely settled as part of the

Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement

that "there was nothing tortious or illegal with the use of Plaintiff's name in domain

names created and maintained by Defendant."

108.     Admitted.  Bisney avers that any claim based on this Internet site was fully and

completely settled as part of the Settlement Agreement referred to in paragraph 108 of the

First Amended Complaint.  Bisney further avers that Plaintiff explicitly acknowledged in

the Settlement Agreement that "there was nothing tortious or illegal with the use of

Plaintiff's name in domain names created and maintained by Defendant."

109.     Bisney lacks sufficient information upon which to admit or deny the allegations in

paragraph 109.  Bisney avers that any claim based on the Internet sites was fully and

completely settled as part of the Settlement Agreement referred to in paragraph 120 of the

Second Amended Complaint.  Bisney further avers that Plaintiff explicitly acknowledged

in the Settlement Agreement that "there was nothing tortious or illegal with the use of

Plaintiff's name in domain names created and maintained by Defendant."

110.     Bisney lacks sufficient information upon which to admit or deny the allegations in

paragraph 110.  Bisney avers that any claim based on the Internet sites was fully and

completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

111.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 111. Bisney avers that any claim based on the Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

112.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 112. Bisney avers that any claim based on the Internet sites was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint. Bisney further avers that Plaintiff explicitly acknowledged in the Settlement Agreement that "there was nothing tortious or illegal with the use of Plaintiff's name in domain names created and maintained by Defendant."

113.    Admitted.

114.    Denied.

115.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 115.

116.    Denied. Bisney avers that any claim based on the allegations in paragraph 116 was fully and completely settled as part of the Settlement Agreement referred to in paragraph 120 of the Second Amended Complaint.

117.    Admitted.

118.    Admitted.

119.    Bisney admits that the Honorable Henry F. Greene entered a Temporary Restraining Order against Bisney.  The terms of the order speak for themselves.  Bisney avers that the order was a blatantly unconstitutional infringement on his rights under the First Amendment to the United States Constitution.  Bisney further avers that the Temporary Restraining Order expired by its own terms and was not renewed by the Court.

120.    Admitted.

121.    Admitted.

122.    Denied.

123.    Bisney admits that he wrote the article attached as Exhibit 1 to the original Complaint.  Bisney denies that he wrote the title.  The article speaks for itself.

124.    The article speaks for itself.

125.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 125.  Bisney avers that Benz had mentioned all of these men as people with whom she had some sort of relationship.

126.    Admitted.

127.    Bisney admits that he added names to the article of additional men with whom Benz had indicated she had some sort of relationship.  The article speaks for itself.

128.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 128.  Bisney avers that Benz had mentioned all of these men as people with whom she had some sort of relationship.

129.    Admitted.

130.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 130.

131.    Denied.

132.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 132.

133.    Admitted.

134.    Admitted.

135.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 135.

136.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 136.

137.    Denied.

138.    Admitted.

139.    Admitted.

140.    Bisney admits that Benz told him that she knew Craig Karmazin.  Bisney lacks sufficient information upon which to admit or deny the remaining allegations in paragraph 140.

141.    Denied.

142.    Denied.

143.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 143.

144.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 144.

145.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 145.

146.    Bisney admits that he sent the article to www.whathappeningatcnn.blogspot.com. Bisney lacks sufficient information upon which to admit or deny the allegation in the second sentence of paragraph 146.

147.    Bisney denies that he published the article on the website and denies that he created the title of the article.  Bisney lacks sufficient information upon which to admit or deny the remaining allegations in paragraph 147.

148.    Admitted.

149.    Admitted.

150.    Admitted.

151.    Admitted.

152.    Admitted.

153.    Admitted.

154.    Admitted.

155.    Bisney admits the allegations in the first and last sentences of paragraph 155. Bisney lacks sufficient information upon which to admit or deny the allegations in the second and third sentences of paragraph 155.

156.    Bisney admits that on several occasions in August 2005 he responded to personal advertisements posted on a website known as www.craigslist.com and provided the person who placed the advertisement with the work phone number of a woman named

"Kathy." Bisney admits that the work phone number that he provided was the work number of Benz. Bisney denies the remaining allegations of paragraph 156.

157.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 157.

158.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 158.

159.    Bisney admits that Exhibit 15 of the original Complaint consists of two responses that he made to advertisements on the website, www.craigslist.com. The responses speak for themselves. Bisney avers that the responses do not contain the home telephone number, the home address, the e-mail address or even the full name of Benz.

160.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 160.

161.    Bisney denies that he provided anyone with the home telephone number, home address, e-mail address or full name of Benz. Bisney lacks sufficient information upon which to admit or deny the remaining allegations of paragraph 161.

162.    Admitted.

163.    Denied. The e-mail speaks for itself.

164.    Denied. The e-mail speaks for itself.

165.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 165.

166.    Bisney lacks sufficient information upon which to admit or deny the allegations in paragraph 166.

167.    Denied.

168.    Bisney incorporates herein his responses to each allegation about statements regarding Benz that are alleged in the Second Amended Complaint.

169.    The allegations in paragraph 169 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

170.    The allegations in paragraph 170 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

171.    The allegations in paragraph 171 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

172.    The allegations in paragraph 172 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

173.    Denied.

174.    Denied.

175.    Bisney incorporates herein his responses to each allegation about acts and omissions by him.

176.    The allegations in paragraph 176 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

177.    The allegations in paragraph 177 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

178.    The allegations in paragraph 178 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

179.    The allegations in paragraph 179 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

180.    The allegations in paragraph 180 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

181.    The allegations in paragraph 181 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

182.    The allegations in paragraph 182 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

183.    The allegations in paragraph 183 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

184.    The allegations in paragraph 184 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

185.    The allegations in paragraph 185 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

186.    The allegations in paragraph 186 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

187.    The allegations in paragraph 187 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

188.    The allegations in paragraph 188 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

189.    The allegations in paragraph 189 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

190.    The allegations in paragraph 190 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

191.    The allegations in paragraph 191 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

192.    The allegations in paragraph 192 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

193.    The allegations in paragraph 193 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

194.    The allegations in paragraph 194 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

195.    The allegations in paragraph 195 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

196.    The allegations in paragraph 196 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

197.    The allegations in paragraph 197 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

198.    The allegations in paragraph 198 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

199.    The allegations in paragraph 199 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

200.    The allegations in paragraph 200 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

201.    The allegations in paragraph 201 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

202.    The allegations in paragraph 202 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

203.    The allegations in paragraph 203 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

204.    The allegations in paragraph 204 are directed at Defendant The Washington Newspaper Publishing Company, LLC and therefore do not require a response by Bisney.

205.    Bisney incorporates herein his responses to paragraphs 1 through 204.

206.    The allegations in paragraph 206 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

207.    The allegations in paragraph 207 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

208.    The allegations in paragraph 208 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

209.    The allegations in paragraph 209 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

210.    The allegations in paragraph 210 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

211.    The allegations in paragraph 211 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

212.    The allegations in paragraph 212 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

213.    The allegations in paragraph 213 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

214.    The allegations in paragraph 214 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

215.    The allegations in paragraph 215 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

216.    The allegations in paragraph 216 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

217.    The allegations in paragraph 217 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

218.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 218 is required.

219.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 219 is required.

220.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 220 is required.

221.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 221 is required.

222.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 222 is required.

223.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 223 is required.

224.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 224 is required.

225.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 225 is required.

226.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 226 is required.

227.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 227 is required.

228.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 228 is required.

229.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 229 is required.

230.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 230 is required.

231.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 231 is required.

232.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 232 is required.

233.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 233 is required.

234.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 234 is required.

235.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 235 is required.

236.    The Court has dismissed Count Two of the Second Amended Complaint. Therefore, no response to the allegations in paragraph 236 is required.

237.    Bisney incorporates herein his responses to paragraphs 1 through 236.

238.    The allegations in paragraph 238 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

239.    The allegations in paragraph 239 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

240.    The allegations in paragraph 240 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

241.    The allegations in paragraph 241 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

242.    The allegations in paragraph 242 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

243.    The allegations in paragraph 243 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

244.    The allegations in paragraph 244 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

245.    The allegations in paragraph 245 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

246.    The allegations in paragraph 246 are legal conclusions to which no answer is required. To the extent that an answer is required, Bisney denies the allegations.

247.    Bisney incorporates herein his responses to paragraphs 1 through 246.

248.    The allegations in paragraph 248 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

249.    The allegations in paragraph 249 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

250.    The allegations in paragraph 250 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

251.    The allegations in paragraph 251 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

252.    The allegations in paragraph 252 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

253.    The allegations in paragraph 253 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

254.    The allegations in paragraph 254 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

255.    The allegations in paragraph 255 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

256.    The allegations in paragraph 256 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

257.    The allegations in paragraph 257 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

258.    The allegations in paragraph 258 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

259.    The allegations in paragraph 259 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

260.    Bisney incorporate herein his responses to paragraphs 1 through 259.

261.    The allegations in paragraph 261 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

262.    The allegations in paragraph 262 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

263.    The allegations in paragraph 263 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

264.    The allegations in paragraph 264 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

265.    The allegations in paragraph 265 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

266.    The allegations in paragraph 266 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

267.    The allegations in paragraph 267 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

268.    The allegations in paragraph 268 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

269.    The allegations in paragraph 269 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

270.    The allegations in paragraph 270 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

271.    The allegations in paragraph 271 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

272.    The allegations in paragraph 272 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

273.    The allegations in paragraph 273 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

274.    Bisney incorporates herein his responses to paragraphs 1 through 273.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    The allegations in paragraph 282 are legal conclusions to which no answer is required.  To the extent that an answer is required, Bisney denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint seeks relief for acts that are covered by a Settlement Agreement executed between Plaintiff and Defendant Bisney and for which Benz has fully released Bisney.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks equitable relief, such relief is barred due to the

doctrines of equitable estoppel and unclean hands.

Respectfully submitted,

_____

/s/ Larry S. Gondelman
(D.C. Bar No. 950691)
1875 Eye Street, NW
12th Floor
Washington, DC  20006
202.466.6550
202.785.1756 (fax)
larry.gondelman@ppsv.com
Counsel for Defendant John F. Bisney

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing "Answer of Defendant John F. Bisney

to Second Amended Complaint" were served electronically, by the U.S. District Court for

the District of Columbia Electronic Document Filing System (ECF), this the 1st day of

December, 2006, upon the following:

William Alden McDaniel, Jr.
LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR.
118 W. Mulberry Street
Baltimore, MD  21201
Counsel for Plaintiff Kathleen A. Benz

Laura R. Handman
DAVIS WRIGHT TREMAINE LLP
1500 K Street, N.W., Suite 450
Washington, D.C.  20005
Counsel for Defendant The Washington Newspaper
Publishing Company, LLC

_____
/s/ Larry S. Gondelman