# EXHIBIT 2

# EXHIBIT 2

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

KATHLEEN A. BENZ,                       )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )   Civil Action No. 1:05-cv-1760 (EGS/JMF)
THE WASHINGTON NEWSPAPER                )   Settlement Conference January 24, 2007
PUBLISHING COMPANY, et al.,             )
                                        )
            Defendants.                 )
_____)

**RESPONSE OF PLAINTIFF, KATHLEEN A. BENZ,
TO DEFENDANT THE WASHINGTON EXAMINER'S
REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Plaintiff, Kathleen A. Benz, by her undersigned lawyers, responds as follows pursuant to FEDERAL RULE OF CIVIL PROCEDURE 34 to Defendant The Washington Examiner's Request For Production Of Documents To Plaintiff.

GENERAL RESPONSE: Plaintiff objects to those portions of Defendant The Washington Examiner's Request For Production Of Documents To Plaintiff entitled "Definitions" and "Instructions" to the extent that section attempts to impose obligations upon plaintiff in excess of the obligations imposed by the applicable FEDERAL RULES OF CIVIL PROCEDURE.

Plaintiff also objects to producing any documents or parts thereof that are called for by Defendant The Washington Examiner's Request For Production Of Documents To Plaintiff which are privileged or subject to protection as trial preparation materials. Specifically, plaintiff objects to producing communications between plaintiff and her attorneys

and to producing memoranda, notes, and other documents made by or for plaintiff's attorneys in connection with this litigation, which are responsive to these document requests.

Plaintiff will produce all responsive documents that are in her possession, custody, or control that are neither privileged nor subject to protection as trial preparation material or otherwise objected to, by making those documents available for inspection and photocopying during business hours upon reasonable notice at the Law Offices of William Alden McDaniel, Jr., 118 West Mulberry Street, Baltimore, Maryland, 21201, or by photocopying the documents at the expense of defendant John F. Bisney and sending them, also at the expense of defendant, to defendant's counsel, expenses payable in advance.

### RESPONSES

**REQUEST NO. 1:** Copies of Plaintiff's resume, *curr iculum vitae*, reel, biography or other summary relating to Plaintiff's employment history and/or career.

**RESPONSE TO NO. 1:** Ms. Benz will produce documents responsive to this Request in her possession, custody, or control in the manner described above.

**REQUEST NO. 2:** Documents relating to Plaintiff's education and professional training, including but not limited to college or graduate transcripts and other college or graduate records, and copies of any diplomas, degrees, certificates or other credentials received by Plaintiff at any time during her lifetime.

**RESPONSE TO NO. 2:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 3:** All documents relating to Plaintiff's employment identified in response to Interrogatory No. 18, including but not limited to contracts, employment files, expense reports, attendance records, leaves of absence, evaluations, commendations, reprimands, or termination of Plaintiff by any of Plaintiff's employers.

**RESPONSE TO NO. 3:** Ms. Benz will produce documents responsive to this Request in her possession, custody, or control in the manner described above.

**REQUEST NO. 4:** Documents relating to awards, commendations, honors or other citations received by Plaintiff during her lifetime.

**RESPONSE TO NO. 4:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 5:** All income tax returns filed, individually or jointly by Plaintiff (local, state, and federal), from January 1, 1996 to the present.

**RESPONSE TO NO. 5:** Ms. Benz objects to this Request on the ground that it seeks documents not relevant to the subject matter of the claim or defense of any party to this action.

**REQUEST NO. 6:** All income tax returns filed by any person on which Plaintiff is claimed as a dependent from January 1, 1996 to the present.

**RESPONSE TO NO. 6:** Ms. Benz objects to this Request on the ground that it seeks documents not relevant to the subject matter of the claim or defense of any party to this action.

**REQUEST NO. 7:** All W-2 or 1099 federal income tax forms received by Plaintiff from January 1, 1996 to the present.

**RESPONSE TO NO. 7:** Ms. Benz objects to this Request on the ground that it seeks documents not relevant to the subject matter of the claim or defense of any party to this action.

**REQUEST NO. 8:** All documents relating to any disability benefits received or applied for by Plaintiff.

**RESPONSE TO NO. 8:** Ms. Benz objects to this Request on the ground that it seeks documents not relevant to the subject matter of the claim or defense of any party to this action.

**REQUEST NO. 9:** All documents, including but not limited to videotapes, relating to television or cable programs on which Plaintiff has appeared on air.

**RESPONSE TO NO. 9:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 10:** All (1) professionally taken photographs of Plaintiff, (2) photographs of Plaintiff posted on any website, whether authorized or unauthorized, (3) photographs of Plaintiff published in any magazine, newspaper, or electronic publication, and/or (4) all photographs of Plaintiff with or taken by John Bisney, Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, Julian Epstein, John Sunnunu, Sr., or Mark Kulkis.

**RESPONSE TO NO. 10:** Ms. Benz will produce documents responsive to this Request in her possession, custody, or control the manner described above.

**REQUEST NO. 11:** All documents including, but not limited to, calendars, diaries, email, notes, letters, memoranda, video or tape recordings, maintained or authored by Plaintiff, that relate to any matter referred to in the Second Amended Complaint, including but not limited to appointments, meetings, interviews and/or dates with John Bisney, Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, Julian Epstein, John Sunnunu, Sr., or Mark Kulkis.

**RESPONSE TO NO. 11:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relate to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all non-privileged electronic mail messages she has maintained or authored that contain or evidence

4

appointments, meetings, interviews, and/or dates with the requested individuals, in her possession, custody, or control in the manner described above.

**REQUEST NO. 12:** All documents relating to communications with CNN relating or referring to (1) John F. Bisney, (2) this lawsuit, (3) Plaintiff's earlier lawsuit against Bisney in the Superior Court of the District of Columbia, *Benz v. Bisney*, Case No. CA-05-4205, (4) Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, Julian Epstein, John Sunnunu, Sr., or Mark Kulkis, or (5) any of the facts alleged in the Second Amended Complaint.

**RESPONSE TO NO. 12:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relating to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all non-privileged documents that evidence communications with CNN about the requested topics in her possession, custody, or control in the manner described above.

**REQUEST NO. 13:** All documents that show the identity of any witness to, or any person with knowledge of facts concerning the occurrences that form the basis of Plaintiff's claims and the events leading to these occurrences.

**RESPONSE TO NO. 13:** Ms. Benz objects to this Request on the ground that it seeks documents not relevant to the subject matter of the claim or defense of any party to this action. Ms. Benz also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "show the identity" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision.

**REQUEST NO. 14:** All documents concerning any oral or written statement that Plaintiff has obtained from any person regarding the subject matter of this action.

**RESPONSE TO NO. 14:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 15:** All documents relating to any communications between Plaintiff or any agent for Plaintiff and anyone claiming to have read the Column.

**RESPONSE TO NO. 15:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relating to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all non-privileged documents that evidence the requested communications in her possession, custody, or control in the manner described above.

**REQUEST NO. 16:** All documents relating to communications between Plaintiff and or any agent for Plaintiff and any person about the alleged harm or injury suffered by Plaintiff as a result of the Column.

**RESPONSE TO NO. 16:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relating to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all non-privileged documents that evidence the requested communications in her possession, custody, or control in the manner described above.

**REQUEST NO. 17:** All documents relating to Plaintiff's earlier lawsuit against John Bisney in the Superior Court of the District of Columbia, *Benz v. Bisney*, Case No. CA-05-4205.

**RESPONSE TO NO. 17:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relating to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all pleadings and papers filed in court and all non-privileged correspondence addressing matters in this litigation in her possession, custody, or control in the manner described above.

**REQUEST NO. 18:** All documents relating to communications between Plaintiff and (1) Karen Feld, (2) The Washington Examiner, (3) John Bisney, and (4) each of the following: Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, Julian Epstein, John Sunnunu, Sr., and Mark Kulkis.

**RESPONSE TO NO. 18:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relating to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all non-privileged documents that evidence communications between plaintiff and the requested individuals in her possession, custody, or control in the manner described above.

**REQUEST NO. 19:** All diaries, calendars, agendas, datebooks, or schedules maintained by Plaintiff from January 1, 2000 to the present.

**RESPONSE TO NO. 19:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 20:** All documents relating to Plaintiff's subscription to any dating website.

**RESPONSE TO NO. 20:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 21:** All documents relating to any websites maintained by Plaintiff or blogs authored by Plaintiff.

**RESPONSE TO NO. 21:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 22:** Telephone records, listing all calls made from Plaintiff's cell phone and home telephone to John Bisney, Karen Feld, Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, Julian Epstein, John Sunnunu, Sr., and/or Mark Kulkis from January 1, 2000 to the present.

**RESPONSE TO NO. 22:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 23:** All documents, including but not limited to thank you notes or e-mails, relating to gifts and/or money received from or which Plaintiff gave to John Bisney, Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, Julian Epstein, John Sunnunu, Sr., or Mark Kulkis.

**RESPONSE TO NO. 23:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relating to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all non-

privileged documents that evidence gifts or money received from the requested individuals in her possession, custody, or control in the manner described above.

**REQUEST NO. 24:** All documents, including but not limited to receipts, credit card statements, expense reports, and reimbursement requests relating to expenses Plaintiff incurred while in the company of or in connection with John Bisney, Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, Julian Epstein, John Sununu, Sr., and/or Mark Kulkis.

**RESPONSE TO NO. 24:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 25:** A copy of Plaintiff's passport since January 1, 1987.

**RESPONSE TO NO. 25:** Ms. Benz will produce a copy of her current passport in the manner described above.

**REQUEST NO. 26:** All documents relating to matters referenced in Plaintiff's answers to Interrogatories Nos. 20 through 23.

**RESPONSE TO NO. 26:** Please see Ms. Benz's response to Request No. 17 which she incorporates herein by reference. Other than the documents produced in response to Request No. 17, Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 27:** All documents relating to communications by Plaintiff with any company or website regarding the posting on the World Wide Web of information about Plaintiff or use of Plaintiff's name.

**RESPONSE TO NO. 27:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relating to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all non-

privileged documents evidencing the requested communications in her possession, custody, control in the manner described above.

**REQUEST NO. 28:** All documents relating to any assignments, stories, articles, segments, scripts, videotape, audiotape, interviews, or news reports with whom Plaintiff was involved in any capacity about John Bisney, Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, Julian Epstein, John Sunnunu, Sr., and/or Mark Kulkis.

**RESPONSE TO NO. 28:** Ms. Benz has no documents responsive to this Request.

**REQUEST NO. 29:** All documents relating to any stories, articles, or news reports that refer to Plaintiff and John Bisney, Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, Julian Epstein, John Sunnunu, Sr., and/or Mark Kulkis.

**RESPONSE TO NO. 29:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relating to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all non-privileged documents evidencing the requested stories, articles, or news reports in her possession, custody, or control in the manner described above.

**REQUEST NO. 30:** All articles in Plaintiff's possession that mention John Bisney, Jonathan Ledecky, Gary Williams, John McDonough, Mel Karmazin, Hugh O'Brien, Paul Bosserman, John Daggitt, Mark Ein, John Sunnunu, Sr., and/or Mark Kulkis.

**RESPONSE TO NO. 30:** Ms. Benz will produce documents responsive to this Request in the manner described above.

**REQUEST NO. 31:** All documents relating to or supporting the facts referenced in Plaintiff's answers to Interrogatories 9, 10, and 11.

**RESPONSE TO NO. 31:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine. Ms. Benz further objects to this Request on the ground that the term "relating to" is vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision. Subject to these objections, Ms. Benz will produce all non-privileged documents supporting her claim for damages in her possession, custody, or control in the manner described above.

**REQUEST NO. 32:** All records relating to Plaintiff's mental health, including examinations, notes, reports, treatment notes, test reports from any mental health care professional who has treated Plaintiff since January 1, 1987.

**RESPONSE TO NO. 32:** Ms. Benz objects to this Request on the ground that it seeks documents not relevant to the subject matter of the claim or defense of any party to this action.

**REQUEST NO. 33:** All documents relating to any medications prescribed by a mental or medical health care professional since January 1, 2000, including but not limited to prescription receipts from pharmacies or pharmaceutical companies.

**RESPONSE TO NO. 33:** Ms. Benz objects to this Request on the ground that it seeks documents not relevant to the subject matter of the claim or defense of any party to this action.

**REQUEST NO. 34:** All records relating to Plaintiff's physical health, including records, examination notes, reports, treatment notes and test reports from any medical health care professional who has ever treated Plaintiff since January 1, 1987.

**RESPONSE TO NO. 34:** Ms. Benz objects to this Request on the ground that it seeks documents not relevant to the subject matter of the claim or defense of any party to this action.

**REQUEST NO. 35:** All documents concerning the treatment or counseling or Plaintiff, either medical or nonmedical, for any mental, emotional or physical injury, illness or condition allegedly caused in whole or in part by the conduct of any of the Defendants in this action, including but not limited to any reports, examination notes, treatment notes, invoices, test results, prescriptions, and pharmacy records.

**RESPONSE TO NO. 35:** Ms. Benz objects to this Request on the ground that it seeks documents not relevant to the subject matter of the claim or defense of any party to this action.

**REQUEST NO. 36:** All documents used, reviewed or referred to in preparing Plaintiff's Complaint in this action, other than documents subject to the attorney-client privilege.

**RESPONSE TO NO. 36:** Ms. Benz objects to this Request on the ground that it seeks documents protected from disclosure by the attorney work-product doctrine. Subject to this objection, Ms. Benz will produce documents responsive to this Request in the manner described above.

Respectfully submitted,

LAW OFFICES OF
  WILLIAM ALDEN McDANIEL, JR.

*/s/ William Alden McDaniel, Jr.*
William Alden McDaniel, Jr.
Bar No. 7152

/s/ Bassel Bakhos
Bassel Bakhos
Bar No. 489697

118 West Mulberry Street
Baltimore, Maryland 21201
Tel.: 410.685.3810
Fax: 410.685.0203
E-Mail: wam@wamcd.com
E-Mail: bb@wamcd.com

*Lawyers for Plaintiff,
Kathleen A. Benz*

Date: December 11, 2006

Response to RFD - Examiner.doc