# EXHIBIT 5

LAW OFFICES OF

# WILLIAM ALDEN McDANIEL, JR.

118 WEST MULBERRY STREET

BALTIMORE, MARYLAND 21201-3606

WILLIAM ALDEN McDANIEL, JR.†

BASSEL BAKHOS†✦

†ALSO ADMITTED IN
THE DISTRICT OF COLUMBIA

✦ALSO ADMITTED IN NEW JERSEY

AREA CODE 410
685-3810
TELECOPIER
685-0203

E-MAIL:
wam@wamcd.com
bb@wamcd.com

February 7, 2007

**BY ELECTRONIC TRANSMISSION .pdf**
**amberhusbands@dwt.com**

Amber L. Husbands, Esquire
Davis, Wright Tremaine LLP
1500 K Street, N.W., Suite 450
Washington, D.C. 20005

Re:    *Kathleen A. Benz v. The Washington Newspaper Publishing Company,*
*and John F. Bisney*, Civil Action No. 1:05cv01760 (DDC)(Sullivan, J.)

Dear Ms. Husbands:

This letter responds to your January 29, 2007, electronic mail message regarding certain alleged deficiencies in Ms. Benz's responses to your client's interrogatories and requests for production of documents.

You first identify categories of document requests and interrogatories which you claim Ms. Benz improperly objected to as irrelevant. The first of these are medical and psychological records (Request For Production Nos. 32 through 35; Interrogatory Nos. 2 and 3). Judge Sullivan was clear at the November 21, 2006, Status Conference that you would not be entitled to delve into the medical and psychological history and records of Ms. Benz or subject Ms. Benz to a psychological examination. Ms. Benz stands on her objections.

Next, you enquire whether Ms. Benz's objection to the relevance of providing her income tax records is a concession that Ms. Benz will not be seeking damages for financial loss, injury to reputation, and loss of current and future business opportunities (Request For Production Nos. 5 through 7). Ms. Benz is not making such a concession. But her income tax records have no relevance to such claims. If you wish to provide specific arguments as to why these income tax records are relevant, Ms. Benz will respond accordingly. In this regard, please let us know if there are specific parts of her income tax returns that will satisfy your request so that she can consider whether to produce the returns in part. Please also let us know whether you

LAW OFFICES OF
WILLIAM ALDEN MCDANIEL, JR.

Amber L. Husbands, Esquire
February 7, 2007
Page 2

will consent to a protective order for these documents, should we agree to provide them in whole or in part.

  You next enquire about any disability benefits received by Ms. Benz (Request For Production No. 8). Ms. Benz does not receive any such disability benefits and does not have any documents responsive to this request.

  You next identify categories of document requests and interrogatories to which you claim that Ms. Benz did not respond fully. First, you state that Ms. Benz has not provided an itemized list of damages or calculation as to how Ms. Benz arrived at her claimed damage amount (Interrogatory Nos. 9 through 12). Ms. Benz is not claiming special damages in this case that are subject to itemization. She is claiming that she has suffered and continues to suffer mental anguish, humiliation, extreme emotional distress, injury to reputation, and the other items specified in her answers to the interrogatories served on her by your client and by Bisney.

  You next request that Ms. Benz produce documents related to her subscription to JDate (Request For Production No. 20). We are in the process of obtaining these documents from Ms. Benz and will produce them as soon as we receive them from Ms. Benz.

  You next request confirmation that Ms. Benz has no documents related to her calendar, phone records, and credit card receipts (Request For Production Nos. 19, 22, and 24). She does not.

  You then enquire whether Ms. Benz possesses any electronic mail messages she sent to Mr. Bisney (Request For Production No. 18). Ms. Benz does not.

  You next ask whether Ms. Benz has any additional pictures responsive to Request For Production No. 10. Ms. Benz produced all photographs in her possession, custody, or control responsive to this request.

  Finally, you request that Ms. Benz produce a privilege log or in the alternative agree that all requests are deemed to exclude post-complaint documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Ms. Benz agrees to treat the requests as excluding such post-filing documents. In addition, Ms. Benz has withheld a few documents that she prepared for her lawyers in this case that were created prior to the filing of the Complaint and that are protected from disclosure based upon the attorney-client privilege or attorney work-product doctrine. Ms. Benz will provide these redacted documents and a privilege log by Friday, February 9, 2007.

LAW OFFICES OF
WILLIAM ALDEN MCDANIEL, JR.

Amber L. Husbands, Esquire
February 7, 2007
Page 3

Please let us know if you would like to discuss these matters further.

Very truly yours,

*/s/ Bassel Bakhos*

Bassel Bakhos

BB/mmi
cc:    Laura R. Handman, Esquire (by electronic transmission .pdf laurahandman@dwt.com)
       Larry S. Gondelman, Esquire (by electronic transmission .pdf Larry.Gondelman@ppsv.com)

Husbands L3.doc