# EXHIBIT 7

**Husbands, Amber**

| | |
|---|---|
| **From:** | William McDaniel [WAM@wamcd.com] |
| **Sent:** | Friday, February 09, 2007 12:29 PM |
| **To:** | Husbands, Amber; Bassel Bakhos |
| **Cc:** | Handman, Laura; Gondelman, Larry |
| **Subject:** | RE: Benz v. Examiner - discovery requests |
| **Attachments:** | Benz v. Examiner - discovery requests |

Ms. Husbands

You seem to miss the point in your email message. You quote from the Complaint. Ms. Benz's interrogatory answers make it clear she is not seeking in this case any financial loss or loss of current or future business opportunities. As such, her income tax returns have no relevance to this case. The cases you cite are not to the contrary, as they all involve a claim of lost profits, lost income, etc. This is also true of *Low v. Sears, Roebuck & Co.*, 1988 U.S.Dist.Lexis 2322 (D.Or. 1988), the holding of which you do not accurately characterize. Indeed, the quotation you supplied from *American Air Filter, Co v. Kannapell,* 1990 U.S.Dist.Lexis 11842 (D.D.C. 1990), belies your argument, as this is not a case "where the income of a party to the litigation is in issue." For the same reason, Ms. Benz cannot itemize her compensatory and special damages, as she is claiming the damages that are set forth in the interrogatory answers. You repeated reference to the Complaint is beside the point: the interrogatory answers provide the statement of the damages she is claiming.

William Alden McDaniel, Jr.

2/12/2007