# EXHIBIT 8

**Husbands, Amber**

| | |
|---|---|
| **From:** | Husbands, Amber |
| **Sent:** | Monday, February 12, 2007 12:00 PM |
| **To:** | 'William McDaniel'; Bassel Bakhos |
| **Cc:** | Handman, Laura; 'Gondelman, Larry' |
| **Subject:** | Benz v. Examiner |
| | |
| **Attachments:** | Benz- Initial Status Conference Transcript.pdf |

Bill:

First, I did not quote from the Complaint in my email to you last Wednesday.  I quoted from Mr. Bakhos's February 7, 2007 letter, in which he states:

Next, you enquire whether Ms. Benz's objection to the relevance of providing her income tax records is a concession that Ms. Benz will not be   seeking damages for financial loss, injury to reputation, and loss of current and future business opportunities (Request For Production Nos. 5     through 7).  Ms. Benz is not making such a concession. But her income tax records have no relevance to such claims.  If you wish to provide     specific arguments as to why these income tax records are relevant, Ms. Benz will respond accordingly.  In this regard, please let us know if there        are specific parts of her income tax returns that will satisfy your request so that she can consider whether to produce the returns in part.  Please also         let us know whether you will consent to a protective order for these documents, should we agree to provide them in whole or in part.

Your Feb. 9 email appears to concede that Ms. Benz will <u>not</u> be seeking damages for financial loss or loss of current and future business opportunities, despite her claim in interrogatory no. 9 that she will be seeking damages for loss of business opportunity and Mr. Bakhos's Feb. 7 letter that she will be seeking those damages.  Please confirm that Benz is not seeking damages for (1) financial loss or (2) loss of current and future business opportunities.

Second, even if she is not seeking damages for financial loss or loss of business, Ms. Benz's tax records are still relevant because she is claiming damages for injury to reputation.  Your claim that the defamation was *per se* aside, Defendant is entitled to rebut Ms. Benz's claim of loss of reputation by showing that Ms. Benz did not suffer any loss in income.  *E.g., Tavoulareas v. Piro*, 93 F.R.D. 11, 22 (D.D.C. 1981) (ordering production of salary and income records where defamation plaintiff claimed injury to reputation).  We will agree to your production of Ms. Benz's W-2 and 1099 forms only, as those forms would show her income before and after the Column, although we reserve our right to seek Ms. Benz's income tax records in their entirety if we deem it necessary.

Finally, in the Feb. 7 letter, you refused to produce information and documents related to Ms. Benz's medical and psychological records on the basis that "Judge Sullivan was clear at the November 21, 2006 Status Conference that you would not be entitled to delve into the medical and psychological history and records of Ms. Benz."  As you can see from the attached transcript of the conference, Judge Sullivan did not mention medical or psychological records at all; he stated only his reluctance to automatically order an IME but that "you may well be entitled to an IME, but we'll cross that bridge when we come to it," with no mention of records whatsoever.  Do you still refuse to produce documents responsive to Document Requests 32 through 35, and respond to Interrogatories 2 and 3?



Benz- Initial Status
  Conferenc...

Please respond to this email by noon tomorrow (Tuesday).

Amber

Amber L. Husbands
Davis Wright Tremaine LLP
1500 K Street N.W., Suite 450
Washington, D.C. 20005
(202) 508-6619
(202) 508-6699 (fax)