IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHLEEN A. BENZ                        )
                                        )
            Plaintiff                   )
                                        )
     v.                                 )
                                        )
THE WASHINGTON NEWSPAPER                 ) Civil Action No. 1:05cv1760(EGS)(JMF)
PUBLISHING COMPANY, LLC                  )
                                        ) Next Event:
and                                     ) Status Conference:  March 21, 2007
                                        )
JOHN F. BISNEY                          )
                                        )
            Defendants.                 )
_____ )

## DEFENDANT JOHN F. BISNEY'S MOTION TO COMPEL

Defendant John F. Bisney hereby moves this Honorable Court pursuant to Rule

37(a)(2) of the Federal Rules of Civil Procedure for an Order compelling Plaintiff to

respond to Defendant John Bisney's  Revised First Set of Interrogatories and to

Defendant John F. Bisney's First Request for Production of Documents and Tangible

Things for the reasons set forth in the accompanying Memorandum of Points and

Authorities.

Defendant Bisney's counsel has conferred with counsel for Plaintiff as required

by Fed. R. Civ. P. 37(a)(B) and Local Rule 7(m) prior to filing this motion, but counsel

have been unable to resolve the disputes.  Defendant has offered to enter into a protective

order with respect to the personal information requested by these discovery requests.

1

Respectfully submitted,

_____

/s/ Larry S. Gondelman
(D.C. Bar No. 950691)
1875 Eye Street, NW
12th Floor
Washington, DC  20006
202.466.6550
202.785.1756 (fax)
larry.gondelman@ppsv.com
Counsel for Defendant John F. Bisney

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| THE WASHINGTON NEWSPAPER | ) Civil Action No. 1:05cv1760(EGS)(JMF) |
| PUBLISHING COMPANY, LLC | ) |
| | ) Next Event: |
| and | ) Status Conference:  March 21, 2007 |
| | ) |
| JOHN F. BISNEY | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHN F. BISNEY'S MOTION TO COMPEL

### I.    BACKGROUND

#### A.    The Lawsuit

Plaintiff has filed a lawsuit against John Bisney in which she seeks $30 million in both compensatory and punitive damages for a variety of acts that she alleges that Mr. Bisney committed against her.  These acts are alleged to constitute the torts of defamation, invasion of privacy and intentional infliction of emotional distress.

Mr. Bisney has filed an Answer in this case in which he admits that he did in fact do many of the things alleged in the Second Amended Complaint.  For example, he admits that he drafted an article in which he falsely asserted that Ms. Benz was the love interest of Mark Kulkis, a producer of pornography, and that he sent this article to a variety of websites where it was posted.  He also admitted that he responded to personal

advertisements posted on www.craigslist.com and provided the person who placed the ad with the work number of a woman named Kathy and that the work number was the work number of plaintiff.

Plaintiff alleges that the acts of Mr. Bisney: "were so extreme and outrageous as to exceed the bounds of decency and to be atrocious and intolerable in a civilized society," (¶ 261); "were intended by defendant John F. Bisney to cause disturbance in the emotional tranquility of plaintiff, Kathleen A. Benz, so acute that harmful physical consequences might result," ((¶ 262); and "were malicious, intentional, motivated by hatred, common law malice, ill-will, and a desire to injure plaintiff, Kathleen A. Benz," (¶ 266).

Plaintiff also alleges that when he committed the acts alleged in the Second Amended Complaint, Mr. Bisney knew that Ms. Benz "was peculiarly susceptible to emotional distress," and that as a result of the acts of Mr. Bisney she has "suffered and continues to suffer compensatory damages in an amount…believed to exceed Ten Million Dollars ($10,000,000.00)." (¶ ¶ 268, 272). She also seeks $20,000,000.00 in punitive damages.

Plaintiff however appears to think that it is sufficient for her to make these allegations without having to provide discovery to back some of them up. Moreover, plaintiff also fails to recognize that her claim for punitive damages opens the door for Mr. Bisney to explain his conduct. Punitive damages may only be awarded "if it is shown by clear and convincing evidence that the tort committed by the defendant was aggravated by egregious conduct and **a state of mind that justifies punitive damages**." *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C.App. 1995). Therefore, Mr. Bisney is

entitled to discovery that enables him to put his behavior in context in order to refute the

allegations that he was acting with malice, hatred and a desire to injure plaintiff.

B.    Facts

Plaintiff and defendant Bisney both worked at CNN and developed a "social

friendship" in November 2002.  (¶¶ 15, 16).[1]  Defendant Bisney made it clear to plaintiff

that he hoped their relationship would advance beyond "friendship" and become

"romantic."  (¶ 70).  While plaintiff told Mr. Bisney that she wanted only to be friends

(¶ 71), she engaged in numerous activities with Mr. Bisney that normally denote

something more than mere friendship between a man and a woman.  For example, she

went on week-long vacations to romantic destinations like Mexico, Florida and Jamaica

with Mr. Bisney.  (¶ 18, Answer to Interrogatory No. 7).  The expenses for these

vacations were paid by Mr. Bisney.  Plaintiff and Mr. Bisney would share a two bedroom

villa while in Jamaica.  Mr. Bisney also took plaintiff to dinner on so many occasions that

she cannot even recall the location of the dinners.  (Answer to Interrogatory No. 7).  In

addition, Mr. Bisney showered Ms. Benz with gifts, including many items of clothing,

many pieces of jewelry (including earrings and a necklace from Tiffany & Company),

and perfume.  (Answer to Interrogatory No. 8).  Plaintiff contends in the Second

Amended Complaint that she accepted these many gifts from Mr. Bisney "as she would

from any other person whom she considered a friend."  (¶ 20).  Plaintiff also admits that

Mr. Bisney accompanied her to the hospital and to doctors' offices in connection with her

medical ailments.  (¶¶ 56, 58).

---

[1] The paragraphs referred to here and elsewhere in this Memorandum are paragraphs in the Second
Amended Complaint.

3

Plaintiff affirmatively alleges in the Second Amended Complaint that she told Mr. Bisney that "her income and assets were inadequate to pay her expenses." (¶ 62). She then goes on for seven paragraphs (¶¶ 63-69) about how Mr. Bisney made various statements about the strength of his financial condition. Based upon these assurances, she admits that she "accepted money from defendant John F. Bisney from time to time as a gift." What she fails to include in her allegations is that the total amount of money that she took from Mr. Bisney was $14,000.00.[2]

Plaintiff also alleges that Mr. Bisney posted a variation of the article about her and the pornography producer on the website www.dailysexreview.com. Unlike all of the other articles, this version included the statement, "Finally, a relationship in which Kulkis isn't the sluttier one." (¶ 131).[3] Plaintiff then affirmatively alleges in the Second Amended Complaint that she "is not and has never been a 'slut.'" (¶ 132).

It is within the context of these facts that defendant Bisney sought the discovery in the following interrogatories and document requests.

C.    The Discovery Requests at Issue[4]

There are four categories of discovery requests to which plaintiff has refused to respond. They are: (1) medical records and information; (2) financial records and

---

[2] Mr. Bisney adamantly denies that the money was a gift. It was a loan.

[3] Mr. Bisney moved to dismiss the claim involving this statement on the ground that it was an opinion, not a statement of fact. The Court denied the motion.

[4] As detailed in the Declaration of Amber L. Husbands, attached to the Memorandum of Points and Authorities of the Washington Examiner, a meet and confer regarding discovery requests was scheduled for January 27, 2007. At the request of counsel for plaintiff, the attorney for the Washington Examiner as well as counsel for Mr. Bisney sent an e-mail outlining the discovery disputes. The e-mail from Mr. Bisney's counsel is attached hereto as Exhibit A. Plaintiff's counsel cancelled the telephone conference and indicated that a written response would be provided. Despite several inquiries, no response was sent until February 7, 2007. (Exhibit B.) Mr. Bisney's attorney then sent a response that set forth the basis for the requests on February 20. (Exhibit C). No response to that letter was received. Due to the fact that the Court had set a briefing schedule for the Washington Examiner's Motion to Compel, Mr. Bisney's counsel sent yet another letter on February 23, 2007. (Exhibit D) (The first page of this letter incorrectly has a date of February 20, 2007. It was faxed on February 23, and the second page header shows the correct date). No response to that letter had been received by the time that this motion was filed.

information; (3) information about gifts and vacations; and (4) information about

plaintiff's sexual history. The specific requests at issue are:

    1.      Medical records and information

    Interrogatory No. 1.[5] Identify all medical personnel from whom you have sought treatment for the various conditions identified in the First Amended Complaint for the period of January 1, 2000 through the date of your response to these Interrogatories and set forth the nature of the treatment sought from each person identified.

    Document Request No. 1.[6] All medical records relating to the treatment of you for herpes, epilepsy, migraines and "related symptoms" or "related problems" as alleged in the Second Amended Complaint for the time period of January 1, 2000 through the date of your response to these Document Requests.

    2.      Financial records and information

    Interrogatory No. 4. List all monthly expenses you incurred and all monthly income you received for the time period of January 1, 2000 through the date of your response to these Interrogatories.

    Interrogatory No. 5. List all assets that you owned individually or jointly with any person for the time period of January 1, 2000 through the date of your response to these Interrogatories.

    Document Request No. 2. All documents from any banks or other financial institutions, including brokerage or investment companies, including statements of accounts, check registers, cancelled checks, concerning any account at any bank, brokerage, trust, or partnership in which you have an interest during the time period of January 1, 2000, through the date of your response to these Document Requests.

    Document Request No. 3. All federal and state tax returns for the tax years 2000 through 2005.

    Document Request No. 6. All documents relating in any way to your lease of your apartment for the time period of January 1, 2000 through the date of your response to these Document Requests.

    Document Request No. 7. All documents relating in any way to your ownership or leasing of any automobile for the time period of January 1, 2000 through the date of your response to these Document Requests.

---

[5] Plaintiff's response to defendant Bisney's interrogatories is attached hereto as Exhibit E.
[6] Plaintiff's response to defendant Bisney's Request for Production of Documents and Tangible Things is attached hereto as Exhibit F.

3.    Information about gifts and vacations

Interrogatory No. 6.  For the time period of January 1, 1990 to the date that you respond to these Interrogatories, identify all persons from whom you have received gifts with a value in excess of $100.00, including the nature of the gifts, the dates you received the gifts and value of said gifts.

Interrogatory No. 9.  For the time period of January 1, 1990 to the date that you respond to these Interrogatories, identify all persons with whom you have gone on a vacation, describing where you went, how much the vacation cost, and who paid your expenses of the vacation.

Document Request No. 12.  All documents that refer or relate to or evidence in any way money that you have received from individual other than an employer for any purpose.

4.    Sexual history

Interrogatory No. 10.  For the period of January 1, 1988 through the date that you respond to these Interrogatories, state the number of individuals with whom you have engaged in sexual intercourse, oral sexual contact, or any form of sexual or genital touching.

## II.    ARGUMENT

The Washington Examiner has filed a Motion to Compel the production of

medical and psychological records and income tax records.  Defendant Bisney has

requested these same records and hereby adopts the arguments set forth in the

Memorandum of Points and Authorities filed by the Washington Examiner with respect

to these records.  However, given the fact that the allegations against defendant Bisney

differ from those against the Washington Examiner, there are additional reasons that he

needs these records.

All of defendant Bisney's arguments and discovery requests must be considered

within the context of the broad construction of relevance under the Federal Rules of Civil

Procedure.  As the Washington Examiner correctly noted in its Memorandum,

"[r]elevance, for purposes of discovery, is an extremely broad concept." *Condit v.*

*Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004).  It is particularly so when a plaintiff is seeking punitive damages.  In such a case, a defendant's state of mind is central, and he is entitled to present evidence in mitigation.

A.   Medical Records

Plaintiff suffers from a variety of medical conditions.  (¶¶ 42, 43).  She contends that stress exacerbates these conditions (¶ 45), that she told Mr. Bisney that stress exacerbates her conditions (¶ 45), and that when Mr. Bisney committed the acts that form the basis of the Complaint, he knew that plaintiff was peculiarly susceptible to emotional distress.  (¶ 268).  On the basis of these allegations alone, Mr. Bisney is entitled to discovery of plaintiff's medical records.  He certainly cannot be expected to simply rely on her allegations to establish these claims as facts.  This is particularly true since it can reasonably be expected that plaintiff will argue that one reason that she is entitled to $20,000,000.00 in punitive damages is because Mr. Bisney intended to and **did in fact** exacerbate her conditions.  Therefore, Mr. Bisney is entitled to explore the nature and extent of her medical conditions before and after the actions taken by Mr. Bisney in order to determine whether her conditions were, in fact, made worse.  He is entitled to see how often she went to the doctor and hospital prior to the acts of which she complains and how often she went after the acts.

B.   Financial Records

As noted in the factual section above, plaintiff affirmatively alleges in her Second Amended Complaint that her income and assets are inadequate to meet her expenses.  In other words, she lives beyond her means.  One way that she was able to do so was through her acceptance of $14,000.00 from Mr. Bisney.

The relevance of the requested discovery is obvious. Plaintiff told Mr. Bisney that she needed money. He gave her money. He is entitled to explore the veracity of her claim that she needed money. Plaintiff has put these facts at issue.

In addition, this information is relevant in light of one of the key complaints that plaintiff makes about the Internet and Washington Examiner articles. In her Answer to Interrogatory No. 21, plaintiff asserts that the fake news article about her stated that she "sought friendships with wealthy men for the purpose of procuring money from them." If plaintiff does in fact live beyond her means, the fact that, by her own admission, she has dated or maintained relationships with wealthy men would support an inference that she does so in order to maintain a certain lifestyle.

C.    Gifts and Vacations

Defendant has sought information about gifts worth more than $100.00 received by plaintiff, vacations taken by plaintiff with other persons, and money received from anyone other than an employer. Once again, plaintiff has put these facts at issue through the allegations of the Second Amended Complaint. Plaintiff contends that the gifts that she received from Mr. Bisney were no different from those she received from anyone who she considered a friend. (¶ 20).

On this basis alone, defendant Bisney is entitled to discovery about gifts received from others. If the only people from whom she has accepted comparable gifts are men with whom she was romantically involved, it adds credence to Mr. Bisney's belief and contention that his relationship with plaintiff was more than a mere social friendship. This, in turn, undermines her credibility and helps explain his conduct in a way that

would mitigate any punitive damage award. The same is true with respect to vacations and monetary gifts or loans.

D.    Sexual History

Defendant Bisney was very careful in crafting the interrogatory about plaintiff's sexual history in an effort to avoid intruding as much as possible into a sensitive area. At this point in time, defendant has simply asked plaintiff to identify the number of individuals with whom she has engaged in sexual activities for a relatively limited period of time (1998 through the present). He has pointedly refrained from asking about names of individuals or other details.

Defendant Bisney did not ask this question out of a desire to embarrass plaintiff. Once again, this is an issue that plaintiff herself has put at issue. Plaintiff is suing for defamation, contending in part that the statement in one article that implies that she is sluttier than a pornography producer is a false statement of fact. She affirmatively alleges that she is not and has never been a slut. Defendant cannot be forced simply to accept plaintiff's statement in this regard merely because the subject matter is intensely personal.

In plaintiff's counsel's letter of February 7, 2007 on this issue, counsel took the position that the fact that Mr. Bisney denied authoring the comment about plaintiff being sluttier than the pornography producer meant that the truth of this statement is not at issue. This is simply not correct.

It is true that Mr. Bisney did not author the statement at issue. However, that does not mean that plaintiff will not try to prove that he did. He is entitled to offer an alternative defense, i.e. that plaintiff is in fact a slut, if the facts would support such a

defense.  Since the very term "slut" is a subjective one, this may well be a viable defense.

Mr. Bisney admitted in his answer that he lacked sufficient knowledge to admit or deny

the allegation that plaintiff is not a slut.  That is the very reason that he is entitled to

discovery on this issue.

Needless to say, if plaintiff is willing to accept Mr. Bisney's representation that he

did not author the "sluttier" statement, he is more than willing to withdraw this

interrogatory.  However, if plaintiff insists on suing him because she believes that she can

prove he made the statement and that she believes that she is not a slut, Mr. Bisney is

entitled to pursue this discovery request.

Wherefore, Defendant Bisney respectfully requests that the Court enter an Order

compelling Plaintiff to respond to the discovery requests cited in this Memorandum.

Respectfully submitted,

_____

Larry S. Gondelman (D.C. Bar No. 950691)
1875 Eye Street, NW
12th Floor
Washington, DC  20006
202.466.6550
202.785.1756 (fax)
larry.gondelman@ppsv.com

Counsel for Defendant John F. Bisney

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served electronically, by the

U.S. District Court for the District of Columbia Electronic Document Filing System

(ECF), this the 26th day of February, 2007, upon the following:

> William Alden McDaniel, Jr.
> LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR.
> 118 W. Mulberry Street
> Baltimore, MD 21201
> Counsel for Plaintiff Kathleen A. Benz
>
> Laura R. Handman
> DAVIS WRIGHT TREMAINE LLP
> 1500 K Street, N.W., Suite 450
> Washington, D.C. 20005
> Counsel for Defendant The Washington Newspaper
> Publishing Company, LLC

_____

Larry S. Gondelman

11