IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA


KATHLEEN A. BENZ,      )
               )
       Plaintiff,     )
               )
v.             )
               )    Civil Action No. 1:05-cv-1760 (EGS/JMF)
THE WASHINGTON NEWSPAPER   )    Status Conference March 21, 2007
  PUBLISHING COMPANY, *et al.,*   )
               )
       Defendants.   )
_____)


## MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF, KATHLEEN A. BENZ, IN OPPOSITION TO DEFENDANT THE WASHINGTON EXAMINER'S MOTION TO COMPEL

Defendant The Washington Newspaper Publishing Company, LLC, publisher of

*The Washington Examiner* (hereinafter referred to as "The Examiner"), filed a motion to

compel February 14, 2007, asking this Court to compel plaintiff, Kathleen A. Benz, to produce

documents, to respond to interrogatories regarding Ms. Benz's medical and psychological

history, and to produce income tax records.

The Examiner argues that it is entitled to information and documents relating to

Ms. Benz's medical and psychological history "in order to determine whether the evidence

supports or contradicts Plaintiff's allegations of damage due to emotional distress and

exacerbation of a pre-existing medical condition."  Defendant The Washington Examiner's

Memorandum Of Points And Authorities In Support Of Motion To Compel, at 7 (hereinafter

referred to as "*Defendant's Memorandum*").

The Examiner argues that Ms. Benz must produce sensitive tax records because she "is seeking damages for financial loss or loss of current or future business opportunities." *Id*. at 10. The Examiner further argues that if Ms. Benz does not seek these damages, her tax records are "just as relevant to her claim of loss of reputation" because injury to reputation can be measured by loss of income. *Id*. at 10-11. Ms. Benz made it clear, both in her responses to The Examiner's interrogatories and through correspondence from undersigned counsel, that she is not claiming damages for financial loss or loss of current or future business opportunities. The cases relied upon by The Examiner on this point all involve plaintiffs claiming lost profits as a result of the defendant's conduct. Ms. Benz is not making such a claim and her tax records are therefore not relevant to the subject matter of the claim or defense of any party to this action.

Prior to turning to its specific arguments, The Examiner states that "a party is obligated to disclose all requested information reasonably likely to lead to the discovery of admissible evidence." *Defendant's Memorandum*, at 5. One wonders where the lawyers for The Examiner got that standard: certainly not from the FEDERAL RULES OF CIVIL PROCEDURE. The FEDERAL RULES specify the standard governing discovery, by stating that a party may obtain discovery of any matter, not privileged, "that is relevant to the claim or defense of any party." FED. RULE CIV. PRO. 26(b)(1). Thus, all discovery must be "relevant to the claim or defense of" a party. That is the threshold test. The language of the RULE providing that discoverable information need not be admissible so long as it "appears reasonably calculated to lead to the discovery of admissible evidence" in no way changes the requirement that to be discoverable at all, the information must be *relevant* to a claim or defense. The language of RULE 26(b)(1) itself makes this clear: "*Relevant* information need not be admissible at the trial

if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

(Emphasis added.)  The Advisory Committee Notes expressly state that "relevant" as used in

the sentence quoted above "means within the scope of discovery as defined in this

subdivision," that is, in RULE 26(b)(1), that is, "relevant to the claim or defense of any party."

The Examiner's formulation—"requested information reasonably likely to lead to the discovery

of admissible evidence" has no basis in the Rules or the law.

Indeed, while RULE 26(b)(1) gives this Court discretion to expand the scope of

discovery upon a showing of "good cause," the Court lacks the power to expand discovery

beyond matters "*relevant* to the subject matter involved in the action."  Relevance to the subject

matter of the action is the limit established by RULE 26 before 2000, when the scope of

discovery was narrowed to extend, absent a showing of good cause, only to matters "relevant to

the claim or defense of any party."  But the threshold requirement at the first, and now, was and

is, relevance:  unless that threshold is passed, the discovery does not fall within that permitted

by the FEDERAL RULES.

Judged by these standards, the Court should deny Defendant The Washington

Examiner's Motion To Compel.


I.     **MEDICAL AND PSYCHOLOGICAL RECORDS**

In its requests for production of documents and interrogatories to Ms. Benz, The

Examiner sought extensive information regarding Ms. Benz's medical and psychological

history.  Ms. Benz objected to these requests for production and interrogatories as seeking

information and documents not relevant to the subject matter of the claim or defense of any

party to this action.  Response Of Plaintiff, Kathleen A. Benz, To Defendant The Washington

Examiner's Interrogatories To Plaintiff, at 2, attached as Exhibit 1 to *Defendant's*

3

*Memorandum*; Response Of Plaintiff, Kathleen A. Benz, To Defendant The Washington Examiner's Request For Production Of Documents To Plaintiff, at 11-12, attached as Exhibit 3 to *Defendant's Memorandum*.

        The Examiner argues that it "is entitled to Plaintiff's medical and psychological records in order to determine whether the evidence supports or contradicts Plaintiff's allegations of damage due to emotional distress and exacerbation of a pre-existing medical condition." *Defendant's Memorandum*, at 7. The Examiner relies in part on *Moore v. Chertoff*, 2006 U.S. Dist. LEXIS 31391 (D.D.C. May 22, 2006)(Roberts, J.). In that case, Judge Roberts held that the plaintiffs "may not withhold from the defendant as irrelevant medical records that could be probative of potential causes contributing to plaintiffs' alleged injuries." *Moore, supra*, 2006 U.S. Dist. LEXIS 31391, at *12.

        In *Moore*, Judge Roberts parted company with *Sanders v. District Of Columbia*, 2002 WL 648965 (D.D.C. 2002)(Friedman, J.). In *Sanders*, the plaintiff sought damages based in part on emotional distress. The defendant sought plaintiff's medical records and the plaintiff moved for a protective order, arguing that her medical records were irrelevant and privileged. *Sanders, supra*, 2002 WL 648965, at *4. In affirming the Magistrate Judge's issuance of the protective order, Judge Friedman held that "the requested medical records are not discoverable" because plaintiff was not offering the testimony of any health care professionals or expert witnesses regarding her mental, emotional, or physical condition." *Id*. at *5. The Examiner does not make mention of *Sanders* or its holding that medical records are not discoverable in every instance in which a plaintiff seeks emotional distress or mental anguish damages.

        Ms. Benz does not intend to introduce testimony from any health care professionals or expert witnesses regarding her mental, emotional, or physical condition. Ms.

Benz is entitled to establish her emotional distress damages and mental anguish damages through lay testimony. *Webb v. Hyman*, 861 F.Supp. 1094, 1102-1103 (D.D.C. 1994)(Richey, J.). As such, The Examiner is not entitled to information or documents regarding Ms. Benz's physical and mental health on this basis.

The Examiner next argues that is "is entitled to Plaintiff's medical and psychological records in order to determine whether and to what extent she had been suffering from the symptoms she attributes to Defendant's actions <u>before</u> the publication of the Column." *Defendant's Memorandum*, at 8. (Emphasis in original). In addition to relying on *Moore, supra*, The Examiner cites *Hawkins v. Anheuser-Busch*, 2006 U.S. Dist. LEXIS 59217 (S.D. Ohio June 19, 2006) in support of this argument. While Ms. Benz is claiming that the actions of The Examiner and defendant Bisney exacerbated existing medical conditions, she does not intend to introduce any testimony from health care professionals or expert testimony regarding her physical, emotional, or psychological health. Therefore, her medical and psychological records in this regard are not discoverable.

The Examiner states that Ms. Benz has refused to produce her medical and psychological records solely based on an incorrect understanding of the Court's statements during a November 21, 2006, status conference. *Defendant's Memorandum*, at 8-9. Regardless of the Court's statements at that status conference, Ms. Benz has provided the bases for her objections to producing documents and information regarding her medical and psychological history above.

In the event this Court disagrees with Ms. Benz and orders the production of medical and psychological records, Ms. Benz requests that any medical records and information she produces or reveals be restricted to defendant's counsel and expert witnesses

and not be revealed in any way to The Examiner or Mr. Bisney. *Alexander v. Federal Bureau Of Investigation*, 186 F.R.D. 54, 58 (D.D.C. 1988).

## II.    INCOME TAX RECORDS

In its requests for production of documents to Ms. Benz, the Examiner sought the following categories of income tax records:  (1) local, state, and federal income tax returns filed individually or jointly by Ms. Benz since January 1, 1996; (2) all income tax records filed by any person on which plaintiff is claimed as a dependent since January 1, 1996; and (3) all W-2 or 1099 federal income tax forms received by Ms. Benz since January 1, 1996.  Ms. Benz objected to each of these requests "on the ground that [they] see[k] documents not relevant to the subject matter of the claim or defense of any party to this action."  Response Of Plaintiff, Kathleen A. Benz To Defendant The Washington Examiner's Request For Production Of Documents To Plaintiff, at 3, attached as Exhibit 2 to *Defendant's Memorandum*.

While "[t]here is no privilege for income tax returns … courts have been reluctant to order their production." *Wiesenberger v. W.E. Hutton & Co.*, 35 F.R.D. 556, 557 (S.D.N.Y. 1964).  Tax returns are routinely sought in litigation, but courts should not compel their production "[u]nless clearly required in the interests of justice." *Ibid*.  There is a two-prong test courts utilize to determine whether income tax returns should be disclosed:  (1) the returns are relevant to the subject matter of the action; and (2) there is a "compelling need for the returns because the information contained therein is not readily otherwise obtainable." *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985).  The Examiner has not met either prong:  as explained below, Ms. Benz's tax returns are not relevant to the subject matter of this action.  In addition, there is no "compelling need" for Ms. Benz's returns because The

Examiner is free to question Ms. Benz about her income at her deposition and was free to enquire as to Ms. Benz's income in its interrogatories to Ms. Benz.

The Examiner states that it is unsure whether Ms. Benz is seeking damages for financial loss or loss of current or future business opportunities. *Defendant's Memorandum*, at 10. An electronic mail message from undersigned counsel, attached as Exhibit 7 to *Defendant's Memorandum*, belies this statement. In that electronic mail message, undersigned counsel clearly stated that Ms. Benz "is not seeking in this case any financial loss or loss of current or future business opportunities" and that "the interrogatory answers provide the statement of the damages [Ms. Benz] is claiming." Exhibit 7 to *Defendant's Memorandum*.

Having lost this as a basis for seeking Ms. Benz's tax records, The Examiner next argues that Ms. Benz's must produce her tax records because a loss of income may prove injury to Ms. Benz's reputation and conversely, a lack of loss of income may show no injury to Ms. Benz's reputation. *Defendant's Memorandum*, at 11. In support of this argument, The Examiner relies on several cases, including *Tavoulareas v. Piro*, 93 F.R.D. 11 (D.D.C. 1981). In that case, the court noted that the tax records could "bear on the truth or falsity of the defamatory statements since in part those statements suggest that company assets and business have been diverted to personal uses." *Ibid*. There is no similar need for Ms. Benz's tax records in this case because Ms. Benz does not claim that the defamatory statements accused her of diverting money from her employer, or anyone else, for her personal use. Ms. Benz's income is not an issue in this case, and there is no need for her to produce her tax records to The Examiner.

The Examiner also relies on *American Air Filter Co. v. Kannapell*, 1990 U.S. Dist. LEXIS 11842 (D.D.C. Sept. 10, 1999) to support its argument. That case involved claims

of intentional inducement to breach a contract, breach of fiduciary duties, and a request for an accounting based on defendant's diversion of money from plaintiffs' business to their own. Plaintiffs sought to compel discovery of defendants' tax records. In that case, the court found that defendant's tax returns were directly relevant to the issue whether, as plaintiffs alleged, the defendants had profited from their wrongful conduct. Here, of course, the defendant is seeking the plaintiff's tax returns, the obverse situation. There is no issue here that Ms. Benz has diverted assets or monies for personal use. This case has no relevance here.

The Examiner cites *Low v. Sears, Roebuck And Co.*, 1988 U.S. Dist. LEXIS 2322 (D. Ore. March 17, 1988), in support of their claim that Ms. Benz must be compelled to produce her tax records. In *Low*, the district court held that the plaintiffs' tax records were discoverable because the defendant claimed "that the tax returns are relevant to show that the Lows suffered no economic loss to their day care business and consequently to their professional reputation." *Low, supra*, 1988 U.S. Dist. Lexis 2322, at *3-4. The district court noted that the plaintiffs did not rebut the defendant's assertion of relevance, as Ms. Benz has done here. As noted above, Ms. Benz does not seek any damages for financial loss. Her tax records are therefore not relevant to the subject matter of the claim or defense of any party to this action.

Relying on *Stamathis v. Flying J, Inc.*, 389 F.3d 429 (C.A. 4 2004), The Examiner next argues that it "is entitled to rebut any claim of presumed damages [for its statements constituting defamation *per se*] to show that Plaintiff's reputation was, in fact, not harmed." *Defendant's Memorandum*, at 11-12. *Stamathis* did not address the issue of the discoverability of tax returns, but stands only for the proposition that absence of actual injury

can be considered to argue for diminution of damages. Defendant can make this argument without obtaining Ms. Benz's tax returns.

Finally, The Examiner relies on *Autofacts, Inc. v. Price Book And Forms, Inc.*, 1992 U.S. Dist. LEXIS 8023 (E.D. Pa. June 2, 1992), to argue that if Ms. Benz does not produce her tax records, she should be barred from claiming damages for injury to her reputation. *Defendant's Memorandum*, at 12. In the first place, that case involved loss of good will and other claims apart from loss of reputation. In the second place, it contained no analysis whatsoever of the issues, but turned on the District Court's exasperation with the lawyers' discovery misconduct. The Court provided no analysis of the discovery issues that assists this Court in considering this issue, and the two paragraph opinion has nothing to offer as precedent on this or any other issue.

The Examiner has provided the Court no basis to compel Ms. Benz to produce her tax records. Ms. Benz does not seek recovery for financial losses or the loss of current or future business opportunities. Therefore, Ms. Benz's tax records are not discoverable in this action.

III.    CONCLUSION

The Court should deny The Washington Examiner's Motion To Compel.

Respectfully submitted,

LAW OFFICES OF
  WILLIAM ALDEN McDANIEL, JR.


/s/ *William Alden McDaniel, Jr.*
William Alden McDaniel, Jr.
Bar No. 7152

9

/s/ *Bassel Bakhos*
Bassel Bakhos
Bar No. 489697

118 West Mulberry Street
Baltimore, Maryland 21201
Tel.:  410.685.3810
Fax:  410.685.0203
E-Mail:  wam@wamcd.com
E-Mail:  bb@wamcd.com

*Lawyers for Plaintiff, Kathleen A. Benz*

Date:  March 2, 2007

MPA Opp Examiner MTC.doc

10