IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv1760 (EGS) (JMF) |
| ) | |
| THE WASHINGTON NEWSPAPER ) | Status Conference 3/21/07 |
| PUBLISHING COMPANY, LLC ) | |
| and ) | |
| JOHN F. BISNEY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT THE EXAMINER'S REPLY IN SUPPORT OF MOTION TO COMPEL**

Defendant The Washington Newspaper Publishing Company, LLC, publisher of the Washington Examiner ("The Examiner" or "Defendant"), by undersigned counsel, respectfully submits this reply in support of its motion to compel Plaintiff to produce, subject to a protective order, (1) medical and psychological records that relate directly to her claims of "mental anguish" and exacerbation of a pre-existing medical condition and (2) income tax records that relate directly to her claims of injury to reputation.

**ARGUMENT**

Contrary to Plaintiff's claim in her Opposition ("Opp.") at 2-3, The Examiner did not state that the standard articulated in Fed. R. Civ. P. 26(b)(1) is anything other than relevance, but rather cited to caselaw establishing that relevance must be broadly construed for purposes of discovery. Memorandum of Points and Authorities in Support of Motion to Compel ("Mem.") at 5. But under any measure or formulation, the medical and psychological records are relevant – indeed, critical – to Plaintiff's claims for both "mental anguish" and exacerbation of a pre-existing medical condition, and the income tax records are similarly relevant to Plaintiff's claim

1

of injury to reputation. It is Plaintiff who has failed to meet the burden of the party resisting discovery "to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moore v. Chertoff*, 2006 U.S. Dist. LEXIS 31391, *7 (D.D.C. May 22, 2006) (Roberts, J.).

Plaintiff's eleventh-hour concession, raised for the first time in her Opposition, that she does not intend to introduce testimony of health care professionals, does not in any way obviate Defendants' need for the medical or psychiatric records to check her claims of mental anguish and exacerbation. Similarly, her concession, confirmed for the first time in the Opposition, that while still pressing her claim for injury to reputation, she does not intend to seek damages for financial loss or lost business opportunities does not obviate Defendants' need for financial records to prove the fact that she did not suffer financial loss – objective evidence suggesting that she did not suffer measurable harm to reputation as a result of the Column.

      A.      **Medical and Psychiatric Records Are Relevant to Plaintiff's Claim of Mental Anguish and Exacerbation of A Pre-Existing Condition**

As The Examiner argued in its opening brief, Mem. at 6-7, Plaintiff has explicitly and repeatedly placed her mental and medical health in issue by claiming damages for "mental anguish" manifesting in physical and psychological symptoms, and exacerbation of a pre-existing medical condition, all of which she described in length and in specific detail as recently as a few months ago in her response to interrogatories. *See* Pl.'s Resp. to Interrogatories Nos. 9 and 10 (attached as Exh. 1 to Husbands Decl.) ( "I have suffered severe mental anguish as a result of the publication of the article … This mental anguish has caused me to experience anxiety attacks, nightmares, insomnia, loss of appetite, vomiting, increased seizures, and

2

migraines.  This mental anguish has led me to experience bouts of depression during which I do [sic] leave my home or see or speak to anyone, including my friends and family, for extended periods of time) ("… I have suffered from anxiety attacks, nightmares, insomnia, loss of appetite, vomiting, increased seizures, and migraines …I am in a constant state of discomfort … I have lost twenty (20) pounds as a result of worrying …").  The Examiner is entitled to Plaintiff's medical and psychological records in order to determine whether the evidence supports or contradicts these allegations of damage and whether factors other than The Examiner's Column were the cause.

This case is on all fours with *Moore*, 2006 U.S. LEXIS 31391 (D.D.C. May 22, 2006) – a case Plaintiff makes <u>no</u> attempt to distinguish.  In *Moore*, the plaintiff sued for emotional distress allegedly caused by racial discrimination.  As here, plaintiff said he was not going to rely on professional medical testimony.[1]  The magistrate judge had held that the plaintiff did not have to produce medical records because he was not planning to rely on the testimony of health care providers.  Notwithstanding that plaintiff was relying on lay testimony only, Judge Roberts reversed, holding "plaintiffs allege emotional distress manifested in psychological trauma and physical symptoms.  The defendant, then, may properly seek discovery of plaintiffs' relevant medical records." *Moore*, 2006 U.S. LEXIS 31391, *10.

Instead of distinguishing *Moore*, Plaintiff relies solely on *Sanders v. District of Columbia*, 2002 WL 648965 (D.D.C. Apr. 15, 2002), to support her contention that The Examiner is not entitled to Plaintiff's medical records.  The issue before the court in *Sanders* was whether the court would permit testimony at trial of lay witnesses regarding plaintiff's emotional distress claim, and, in that context, the court permitted the testimony, agreeing with the

---

[1] Plaintiff indicated for the first time in her Opposition that she was not planning to rely on health care professionals as either fact witnesses or experts.  Opp. at 4.

magistrate's earlier ruling that medical records were not discoverable under the facts of that case. However, as Judge Roberts noted in *Moore*, "*Sanders* contains no discussion of the defendant seeking, as the defendant does here, the medical records to explore whether factors other than the alleged employment discrimination caused plaintiff's alleged injuries." *Moore,* 2006 U.S. Dist. LEXIS 31391, *11. Accordingly, Judge Roberts concluded that "[i]t is not clear, then, that Sanders stands for the proposition that a defendant may not obtain through discovery a plaintiff's medical records for the purpose of identifying potential alternative causes of claimed emotional distress solely because plaintiff will not offer expert testimony." *Id.* at *11-12 (noting that, to the extent *Sanders* does stand for that proposition, Judge Roberts "part[s] company with its holding").

Plaintiff's statement that she "does not intend" to offer health care professional testimony does not change the analysis; The Examiner is entitled to these records "notwithstanding the fact that a plaintiff might not offer any expert testimony in order to prove up claims of emotional distress." *Moore* at *10 (citing *Garrett v. Sprint PCS*, 2002 U.S. Dist. LEXIS 1914, *2 (D. Kan. Jan. 31, 2002); *Walker v. Northwest Airlines Corp.*, 2002 U.S. Dist. LEXIS 27592, *3 (D. Minn. Oct. 28, 2002); *Sidor v. Reno*, 1998 U.S. Dist. LEXIS 4593, *2 (S.D.N.Y. Apr. 7, 1998)). As Judge Roberts explained, in an analysis equally applicable here:

> Review of plaintiffs' medical records could lead to the discovery of facts not related to employment discrimination that contributed to plaintiffs' alleged injuries. Whether plaintiffs intend to prove their damages claims with expert testimony has no bearing on the relevance of plaintiffs' medical records, or their ability to establish potential alternative causes for plaintiffs' symptoms.

*Id.* at *12.

The need for disclosure of the medical and psychological records in this case is, if anything, even more compelling than in *Moore*. Plaintiff "is claiming that the actions of The

4

Examiner … exacerbated existing medical conditions." Opp. at 5. Given that claim, The Examiner is entitled to explore what Plaintiff's existing medical conditions were before the Column was published, as well as how those symptoms allegedly worsened post-Column. In addition, The Examiner is entitled to explore the extent to which Plaintiff, pre-Column, suffered from symptoms similar to the alleged physical manifestations of the mental anguish she claims to have suffered post-Column. Causation requires particularly careful and detailed discovery of Plaintiff's condition in this case because, to the extent John Bisney, a co-defendant who has no relationship with The Examiner, caused any injuries before or after the Column, The Examiner cannot be held legally responsible.

The Examiner is entitled to Plaintiff's medical and psychological records in order to explore these issues, which Plaintiff herself has put in question by the filing of this lawsuit claiming $10 million in compensatory damages, including damages for mental anguish. *Moore*, 2006 U.S. Dist. LEXIS 31391, *8 ("Where a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's claimed emotional distress, and a defendant may propound discovery of any relevant medical records of plaintiff in an effort to do so.") (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Merrill v. Waffle House*, 227 F.R.D. 467, 473 (N.D. Tex. 2005); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 659 (D. Kan. 2004); *Jensen v. Astrazeneca LP*, 2004 U.S. Dist. LEXIS 19089, at *4 (D. Minn. Aug. 30, 2004); *Walker*, 2002 U.S. Dist. LEXIS 27592, at *3; *Fox v. Gates Corp.*, 179 F.R.D. 303, 306-07 (D. Colo. 1998); *Sidor*, 1998 U.S. Dist. LEXIS 4593, *2; *EEOC v. Danka Indust., Inc.*, 990 F. Supp. 1138, 1141-42 (E.D. Mo. 1997)).

Other than *Sanders*, Plaintiff cites no other caselaw in support of her argument that The Examiner is not entitled to her records,[2] nor does *Sanders* cite any apposite caselaw in support of its holding. Plaintiff makes no attempt to distinguish *Moore* or the extensive caselaw cited in *Moore* or the caselaw cited by The Examiner (Mem. at 7-8). In short, Plaintiff has not met her burden of establishing lack of relevance, and The Examiner is entitled to the medical and psychological records.[3]

### B.    Financial Records Are Necessary to Show Lack of Injury to Reputation

With respect to Plaintiff's income tax records, the Opposition is the first definitive confirmation Defendant has received that Plaintiff "does not seek recovery for financial losses or the loss of current or future business opportunities." Opp. at 9. Although Plaintiff's counsel now concedes that Plaintiff is not seeking damages for financial loss or loss of business opportunity, Plaintiff has not yet given up her claim for injury to reputation, nor admitted that she did not, in fact, suffer any financial loss or loss of business opportunity. If, as evidence of injury to reputation, Plaintiff contends that she suffered financial loss or loss of business opportunities, income tax records are clearly relevant. But even if she does not so contend, The Examiner has a right to rebut Plaintiff's claim of injury to reputation by proving the fact that Plaintiff did not suffer any loss of income – objective evidence suggesting that she suffered little

---

[2] The only other case cited by Plaintiff to support her argument that The Examiner is not entitled to medical records, *Webb v. Hyman*, 861 F. Supp. 1094, 1102-1103 (D.D.C. 1994), is inapposite. In *Webb*, the court held that the plaintiff had proved the "severe emotional distress" element of intentional infliction of emotional distress at trial through both expert and lay testimony. The case did not even discuss discovery of medical records; indeed, it is clear that, in that case, defendant's expert had, in fact, had access to plaintiff's medical records. *Id.* at 1103.

[3] Counsel for The Examiner forwarded a proposed Protective Order in this case to counsel for Plaintiff on February 13, 2007, but has yet to receive a response. The Examiner does not object to a protective order limiting disclosure of Plaintiff's medical and psychological records to counsel for The Examiner and expert witnesses for The Examiner, a limitation suggested by Plaintiff for the first time in her Opposition. Opp. at 5-6.

or no injury to reputation. Income tax records are the best evidence of income, and thus, of harm to reputation or, by the same token, lack of harm to reputation (*see* Mem. at 11-12).

If Plaintiff will concede (either through a Request for Admission or during her deposition testimony) that she has in fact suffered no financial loss or loss of business opportunities, The Examiner will withdraw its motion to compel income tax records.

## CONCLUSION

For the foregoing reasons, Defendant The Examiner respectfully requests the Court grant its motion and enter an order compelling Plaintiff to fully comply with the Interrogatories and Requests and produce all medical and psychological records, subject to a protective order. Further, The Examiner requests that the Court enter an order requiring Plaintiff either to concede that she has not suffered from any financial loss or loss of business opportunity, or to produce her income tax returns, W-2 forms and 1099s, subject to a protective order.

Dated this 9th day of March, 2007.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: ___/s/ Laura R. Handman___
    Laura R. Handman (D.C. Bar No. 444386)
    Amber L. Husbands (D.C. Bar No. 481565)
DAVIS WRIGHT TREMAINE LLP
1500 K Street, N.W., Suite 450
Washington, D.C. 20005-1272
(202) 508-6600
(202) 508 6699 fax

Attorneys for Defendant The Washington Newspaper Publishing Company, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 9, 2007, I caused the foregoing to be served electronically on counsel of record by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF).

                 /s/ Amber L. Husbands
                 Amber L. Husbands