IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE WASHINGTON NEWSPAPER )<br>  PUBLISHING COMPANY, *et al.,* )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:05-cv-1760 (EGS/JMF)<br>Status Conference March 21, 2007 |

### MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF, KATHLEEN A. BENZ, IN OPPOSITION TO DEFENDANT JOHN F. BISNEY'S MOTION TO COMPEL

Defendant John F. Bisney filed a motion to compel February 27, 2007, asking this Court to compel plaintiff, Kathleen A. Benz, to produce documents and to respond to interrogatories regarding Ms. Benz's medical and psychological history, to produce documents and respond to interrogatories regarding Ms. Benz's finances and receipt of gifts and vacations, and to respond to an interrogatory regarding her sexual history.

Bisney adopts the arguments made by defendant The Washington Examiner in its motion to compel filed February 14, 2007, in support of his request that Ms. Benz be compelled to produce documents and respond to interrogatories regarding her medical and psychological health.

Bisney argues that Ms. Benz must produce sensitive tax and financial records because she alleged in her Second Amended Complaint that her expenses exceeded her income and that Bisney gave her money. Memorandum Of Points And Authorities In Support Of

Defendant John F. Bisney's Motion To Compel, at 8 (hereinafter referred to as "*Defendant's Memorandum*).  Bisney further argues that "[i]f plaintiff does in fact live beyond her means, the fact that, by her own admission, she has dated or maintained relationships with wealthy men would support an inference that she does so in order to maintain a certain lifestyle." *Ibid*.  Bisney argues that he is entitled to information regarding gifts that Ms. Benz has received and vacations that Ms. Benz has taken because Ms. Benz alleges that she accepted gifts from and took vacations with Bisney as she would anyone she considered a friend.  *Ibid*.  Bisney argues that "[i]f the only people from whom [Ms. Benz] has accepted comparable gifts [and went on vacation with] are men with whom she was romantically involved, it adds credence to Mr. Bisney's belief and contention that his relationship with plaintiff was more than a mere social friendship." *Ibid*.

Finally, Bisney argues that he is entitled to information regarding Ms. Benz's sexual history because she alleges that Bisney referred to her as a "slut" and that he "cannot be forced simply to accept plaintiff's statement in this regard merely because the subject matter is intensely personal." *Id*. at 9.

The FEDERAL RULES specify the standard governing discovery, by stating that a party may obtain discovery of any matter, not privileged, "that is relevant to the claim or defense of any party."  FED. RULE CIV. PRO. 26(b)(1).  Thus, all discovery must be "relevant to the claim or defense of" a party.  That is the threshold test.  The language of the RULE providing that discoverable information need not be admissible so long as it "appears reasonably calculated to lead to the discovery of admissible evidence" in no way changes the requirement that to be discoverable at all, the information must be *relevant* to a claim or defense.  The language of RULE 26(b)(1) itself makes this clear: "*Relevant* information need

2

not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.) The Advisory Committee Notes expressly state that "relevant" as used in the sentence quoted above "means within the scope of discovery as defined in this subdivision," that is, in RULE 26(b)(1), that is, "relevant to the claim or defense of any party."

Indeed, while RULE 26(b)(1) gives this Court discretion to expand the scope of discovery upon a showing of "good cause," the Court lacks the power to expand discovery beyond matters "*relevant* to the subject matter involved in the action." Relevance to the subject matter of the action is the limit established by RULE 26 before 2000, when the scope of discovery was narrowed to extend, absent a showing of good cause, only to matters "relevant to the claim or defense of any party." But the threshold requirement at the first, and now, was and is, relevance: unless that threshold is passed, the discovery does not fall within that permitted by the FEDERAL RULES.

Judged by these standards, the Court should deny Defendant John F. Bisney's Motion To Compel.

I.      **MEDICAL AND PSYCHOLOGICAL RECORDS**

As noted above, Bisney adopts the arguments made by defendant The Washington Examiner in its motion to compel documents and responses to interrogatories regarding Ms. Benz's medical and psychological history. To the extent that Bisney does so, Ms. Benz incorporates the arguments she made in the Memorandum Of Points And Authorities Of Plaintiff, Kathleen A. Benz, In Opposition To The Washington Examiner's Motion To Compel, filed March 2, 2007.

In the event this Court disagrees with Ms. Benz and orders the production of medical and psychological records, Ms. Benz requests that any medical records and information she produces or reveals be restricted to defendant's counsel and expert witnesses and not be revealed in any way to The Examiner or Mr. Bisney. *Alexander v. Federal Bureau Of Investigation*, 186 F.R.D. 54, 58 (D.D.C. 1988).

## II.     FINANCIAL RECORDS

In his requests for production of documents to Ms. Benz, Bisney sought the following categories of financial records: (1) all documents from any banks or financial institutions from January 1, 2000; (2) all federal and state tax returns for the years 2000 through 2005; (3) all documents relating to Ms. Benz's lease of any apartment from January 1, 2000; and (4) all documents relating to Ms. Benz's ownership or leasing of any automobile from January 1, 2000. Ms. Benz objected to each of these requests "on the ground that [they] see[k] documents not relevant to the subject matter of the claim or defense of any party to this action." Response Of Plaintiff, Kathleen A. Benz, To Defendant John F. Bisney's First Request For Production Of Documents And Things, at 3-4, attached as Exhibit F to *Defendant's Memorandum*.

In his interrogatories to Ms. Benz, Bisney sought information regarding Ms. Benz's monthly income and expenses, Ms. Benz's apartment lease, and Ms. Benz's ownership or leasing of any automobiles. Ms. Benz objected to these interrogatories on the ground that "they see[k] information not relevant to the subject matter of the claim or defense of any party to this action." Response Of Plaintiff, Kathleen A. Benz, To Defendant John Bisney's Revised First Set Of Interrogatories, at 3-4, attached as Exhibit E to *Defendant's Memorandum*.

4

While "[t]here is no privilege for income tax returns … courts have been reluctant to order their production." *Wiesenberger v. W.E. Hutton & Co.*, 35 F.R.D. 556, 557 (S.D.N.Y. 1964). Tax returns are routinely sought in litigation, but courts should not compel their production "[u]nless clearly required in the interests of justice." *Ibid*. There is a two-prong test courts utilize to determine whether income tax returns should be disclosed: (1) the returns are relevant to the subject matter of the action; and (2) there is a "compelling need for the returns because the information contained therein is not readily otherwise obtainable." *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985). Bisney has not met either prong: as explained below, Ms. Benz's tax returns and financial information are not relevant to the subject matter of this action. In addition, there is no "compelling need" for Ms. Benz's returns or financial information because Bisney is free to question Ms. Benz about her income and financial status at her deposition.

Bisney states that one way Ms. Benz was able to maintain her lifestyle was to accept $14,000.00 from him, *id*., at 7, and argues that he is entitled to "explore the veracity of her claim that she needed money." *Id*. at 8. Ms. Benz has averred that her expenses exceeded her income. Second Amended Complaint ¶ 62. The fact that Mr. Bisney gave her money, which he has admitted, *Defendant's Memorandum*, at 7, is proof of this. As such, there is no need for Bisney to explore the veracity of Ms. Benz's claim that she needed money. Therefore, the documents and information Bisney seeks are not relevant to the subject matter of the claim or defense of any party to this action.

Bisney further argues that he is entitled to Ms. Benz's tax returns and financial information because if Ms. Benz lived beyond her means it would support an inference that Ms. Benz sought relationships with wealthy men in order to maintain a certain lifestyle.

5

*Defendant's Memorandum*, at 8.  The fact that Ms. Benz had expenses that at times may have exceeded her income does not support any inference that she dated men for their money or to maintain any type of lifestyle.  Further, simply because Ms. Benz may have received gifts or taken vacations with other individuals does not prove that Ms. Benz entered into relationships with them in whole or in part for that reason.  As part of any relationship, individuals may exchange gifts and take vacations together.  The fact that this is done does not tend to prove that one individual entered the relationship in order to maintain a certain lifestyle.

Bisney has provided the Court no basis to compel Ms. Benz to produce her tax and financial records.  Therefore, Ms. Benz's tax records are not discoverable in this action.

### III. GIFTS AND VACATIONS

In his request for production of documents, Bisney sought documents regarding any money that Ms. Benz received from any individuals other than employers for any purpose. Ms. Benz objected to this request on the grounds "it seeks documents not relevant to the subject matter of the claim or defense of any party to this action," and that "the terms 'relate to' and 'evidence in any way' are vague, overbroad, and burdensome in that it is not possible to identify such documents with any precision."  Exhibit F to *Defendant's Memorandum*, at 6.  In his interrogatories to Ms. Benz, Bisney sought information regarding any gifts Ms. Benz received valued over $100.00 and any vacations Ms. Benz has taken.  Ms. Benz objected to these interrogatories as seeking "information not relevant to the claim or defense of any party to this action."  Exhibit E to *Defendant's Memorandum*, at 4, 6.

Bisney argues that he is entitled to information regarding Ms. Benz's receipt of gifts and her vacations because Ms. Benz acceptance of gifts and going on vacations with men with whom she was romantically involved "adds credence to Mr. Bisney's belief and

6

contention that his relationship with plaintiff was more than a mere social friendship." *Defendant's Memorandum*, at 8. Ms. Benz has averred that she never had a romantic or sexual relationship with Bisney and so informed him that she did not want such a relationship and wish to remain friends. Second Amended Complaint, ¶¶ 21-27, 60-61. The fact that Ms. Benz may have taken vacations or accepted gifts from other individuals, either men or women, does not prove one way or the other that she had more than a social relationship with defendant Bisney. Bisney here seeks to prove that he and Ms. Benz were more than social friends. He can do this in any number of ways that do not require Ms. Benz to produce such irrelevant information.

In response to Interrogatory No. 7 from Bisney, Ms. Benz identified all concerts, dinners, theater shows, and vacations to which she went with Bisney. Exhibit E to *Defendant's Memorandum*, at 4-5. In response to Interrogatory No. 8 from Bisney, Ms. Benz identified all the gifts that she received from Bisney. *Id*. at 5-6. Ms. Benz responded in full to all of Bisney's discovery requests regarding her friendship with Bisney. Whether Ms. Benz accepted gifts from or took vacations with other men or women is not relevant to this case.

IV. **SEXUAL HISTORY**

In his interrogatories to Ms. Benz, Bisney requested that Ms. Benz identify the number of people with whom she engaged in sexual activities since January 1, 1998. Ms. Benz objected to this interrogatory on the ground it sought information "not relevant to the subject matter of the claim or defense of any party to this action." Exhibit E to *Defendant's Memorandum*, at 6.

Ms. Benz alleged that Bisney authored a fake news article claiming Ms. Benz is a slut. Second Amended Complaint ¶ 131. Bisney has denied authoring this fake article.

7

Answer Of Defendant John F. Bisney To Second Amended Complaint ¶ 131.  Ms. Benz also averred that she is not and has never been a slut.  *Id*. ¶ 132.

Bisney argues that he is entitled to information regarding Ms. Benz's sexual history because he is entitled to offer the affirmative defense of truth and "cannot be forced simply to accept Ms. Benz's statement" that she is not a slut.  *Defendant's Memorandum*, at 9.  Bisney further argues that he is entitled to offer an affirmative defense of truth that Ms. Benz is in fact a slut.  *Id*, at 9-10.  As noted above, Bisney has denied that he is the author of the statement claiming that Ms. Benz is a slut.  Having disclaimed responsibility for authoring the fake article claiming that Ms. Benz is a slut, the number of sexual partners Ms. Benz has had is not relevant to the subject matter of the claim or defense of any party to this action.

V.    CONCLUSION

This Court should deny Defendant John F. Bisney's Motion To Compel.

Respectfully submitted,

LAW OFFICES OF
  WILLIAM ALDEN McDANIEL, JR.


/s/ *William Alden McDaniel, Jr.*
William Alden McDaniel, Jr.
Bar No. 7152

/s/ *Bassel Bakhos*
Bassel Bakhos
Bar No. 489697

118 West Mulberry Street
Baltimore, Maryland 21201
Tel.:  410.685.3810
Fax:   410.685.0203
E-Mail:  wam@wamcd.com
E-Mail:  bb@wamcd.com

*Lawyers for Plaintiff, Kathleen A. Benz*

Date:  March 12, 2007

MPA Opp Bisney MTC.doc

9