IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| THE WASHINGTON NEWSPAPER ) | Civil Action No. 1:05cv1760(EGS)(JMF) |
| PUBLISHING COMPANY, LLC ) | |
| ) | Next Event: |
| and ) | Status Conference: March 21, 2007 |
| ) | |
| JOHN F. BISNEY ) | |
| ) | |
| Defendants. ) | |

## REPLY OF DEFENDANT JOHN F. BISNEY TO MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF KATHLEEN A. BENZ IN OPPOSITION TO DEFENDANT JOHN F. BISNEY'S MOTION TO COMPEL

Plaintiff's Opposition to the Motion to Compel filed by defendant Bisney fails to offer any reasoned analysis in support of her refusal to provide the relevant discovery sought. As a result, defendant Bisney's motion should be granted and plaintiff should be ordered to pay his attorney's fees incurred in connection with bringing this motion.

1.  Medical Records

Defendant Bisney and defendant The Washington Newspaper Publishing Company, LLC ("The Examiner") have moved for production of medical records and information about medical providers. They have clearly articulated the basis for the request: plaintiff claims that defendants' actions have exacerbated her previously existing medical conditions; the aggravation of these conditions is a critical component of her claim for punitive damages against defendant Bisney, who she alleges was fully

1

aware of the pre-existing conditions; and her medical records will indicate whether her conditions were in fact worse after the actions of the defendants.

Since defendants are not required simply to take plaintiff's word that her allegations are true, they have sought her medical records in order to ascertain, for example, whether she in fact suffered from seizures and migraines more frequently after the acts complained of than she did before. Plaintiff's only answer to the logic behind defendants' relevancy argument is that she need not produce the records since she will not seek to introduce testimony of her health care professionals to support her claim. Interestingly, plaintiff does not refute in any manner that defendants' reasoning is faulty. Obviously, she intends to offer her testimony and possibly the testimony of her friends and family about how her conditions were worse after the actions of the defendants than they were before. Her position is simply that she can claim damages based upon the defendants' exacerbation of her existing medical conditions and keep the medical records regarding those conditions hidden from defendants simply by not introducing testimony from health care professionals. The problem is that her willingness to forego testimony from health care professionals does not make the records any less relevant to defendants' right to determine whether her claim is supported by those records.

2.    Financial Records

Plaintiff's argument in support of her refusal to produce financial records relating to a very specific allegation in her Second Amended Complaint is no argument at all. Indeed, it implicitly concedes the relevancy of the request.

Plaintiff alleged in her Second Amended Complaint that her expenses exceeded her income. It is clear that she did so in order to explain why she took $14,000.00 from

2

defendant Bisney. Defendant Bisney has explained that he is seeking to explore whether in fact her expenses exceeded her income. Plaintiff's response is remarkable: "Ms. Benz has averred that her expenses exceeded her income... The fact that Mr. Bisney gave her money, which he has admitted... **is proof of this**. As such, there is no need for Bisney to explore the veracity of Ms. Benz's claim that she needed money." (Opposition at p. 5).[1]

Defendant is at a loss to understand how his giving (or lending) Ms. Benz $14,000.00 proves that her expenses exceeded her income. At most, it proves that he **thought** she was telling him the truth when she claimed that she needed the money. Now, he is entitled to explore whether she was, in fact, telling him the truth

3.   Gifts and Vacations

Plaintiff claims that she and defendant Bisney were nothing more than social friends. Defendant Bisney believed otherwise. His belief was buttressed by the fact that he showered plaintiff with gifts and expensive, romantic vacations. He believed that these actions on his part were significantly different from those of mere "social friends" and more in keeping with a romantic relationship. He further believes and intends to argue at trial that plaintiff herself understood that mere friends are not as generous with gifts and vacation expenses as people in a romantic relationship. Therefore, he is seeking information from plaintiff about gifts and vacations she received from others. If she was only treated with such generosity by men with whom she was romantically involved, then he will be able to argue that her claim that she and Mr. Bisney were simply social friends is not credible.

---

[1] Defendant Bisney did not admit that he "gave" plaintiff money. Rather, he has always contended that it was a loan.

Plaintiff does not argue that this line of reasoning is faulty. Instead, she responds that defendant Bisney can seek "to prove that he and Ms. Benz were more than social friends…in any number of ways that do not require Ms. Benz to produce such irrelevant information." Of course, the fact that there may be other ways to prove the nature of the relationship between plaintiff and defendant Bisney does not mean that he cannot pursue his right to prove it through the information that he has requested.

4.   Sexual History

Once again, plaintiff's Opposition fails to address the issue. Plaintiff claims that Mr. Bisney authored an article that, in essence, called her a slut. She affirmatively claims that she is not a slut. She also claims that since Mr. Bisney has denied any involvement in authoring the statement, it is irrelevant whether she is or is not a slut.

Plaintiff offers no argument that Mr. Bisney is not entitled to claim truth as an alternative defense to her defamation claim. The reason is simple. He is entitled to pursue this defense if the facts support it. Therefore, he is entitled to explore the issue in order to determine whether it is a viable defense or not.

Moreover, it is clear from plaintiff's Opposition that plaintiff intends to claim that defendant Bisney did in fact author the statement in question. Therefore, it is indisputable that he is entitled to discovery on this issue.

It bears mentioning that defendant Bisney has crafted his interrogatory on this issue very narrowly given the sensitivity of the subject matter.

        Respectfully submitted,


/s/ Larry S. Gondelman
Larry S. Gondelman (D.C. Bar No. 950691)
1875 Eye Street, NW
12th Floor
Washington, DC  20006
202.466.6550
202.785.1756 (fax)
larry.gondelman@ppsv.com

Counsel for Defendant John F. Bisney

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served electronically, by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF), this the 16th day of March, 2007, upon the following:

> William Alden McDaniel, Jr.
> LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR.
> 118 W. Mulberry Street
> Baltimore, MD 21201
> Counsel for Plaintiff Kathleen A. Benz
>
> Laura R. Handman
> DAVIS WRIGHT TREMAINE LLP
> 1500 K Street, N.W., Suite 450
> Washington, D.C. 20005
> Counsel for Defendant The Washington Newspaper
> Publishing Company, LLC

> /s/ Larry S. Gondelman
> Larry S. Gondelman