IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv1760 (EGS) (JMF) |
| ) | Next event: Status conference 6/21/07 |
| THE WASHINGTON NEWSPAPER ) | |
| PUBLISHING COMPANY, LLC ) | |
| and ) | |
| JOHN F. BISNEY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT THE WASHINGTON NEWSPAPER PUBLISHING COMPANY, LLC'S
CROSS-CLAIM AGAINST DEFENDANT JOHN F. BISNEY**

Defendant The Washington Newspaper Publishing Company, LLC, by and through its undersigned attorneys, as and for its Cross-Claim against Defendant John F. Bisney ("Bisney"), states as follows:

**PARTIES**

1.      Defendant above and Cross-Claim Plaintiff in this action, The Washington Newspaper Publishing Company, LLC, is a limited liability corporation organized and operating under the laws of the state of Delaware with its principal place of business in the District of Columbia.

2.      Defendant and Cross-Claim Defendant Bisney is a citizen of the State of Maryland.

**JURISDICTION AND VENUE**

3.      This is a cross-claim for fraudulent misrepresentation, indemnification, and contribution arising under the common law of the District of Columbia.

4. This cross-claim asserts that Bisney is liable to The Washington Newspaper Publishing Company, LLC, publisher of The Washington Examiner ("The Examiner"), for any and all liability that the Examiner may owe to plaintiff Kathleen A. Benz ("Plaintiff"). This Court has jurisdiction over the claims asserted in this action because the claims herein arise out of the same facts and circumstances of the original complaint and, accordingly, this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. This court also has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 because this case presents a controversy between citizens of different states in which the amount in controversy exceeds Seventy-Five Thousand Dollars.

5. Venue is proper because this is a cross-claim, Plaintiff has alleged venue in this District, and Defendants have admitted that venue is proper. Venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) because the substantial events or omissions relating to the cross-claim occurred in this district.

**STATEMENT OF FACTS**

6. In her Second Amended Complaint, Plaintiff brings three claims against both The Examiner and Bisney: for defamation (Claim One), invasion of privacy (public disclosure of private facts) (Claim Three), and false light invasion of privacy (Claim Four). *Id.* at ¶¶ 205-217, 237-259. Plaintiff also brings claims for intentional infliction of emotional distress and intrusion upon seclusion against Bisney alone. The claims against The Examiner are based on its publication of a gossip column by independent contractor Karen Feld on August 19, 2005.

7. The Second Amended Complaint (Am. Compl.) alleges that Plaintiff and

Bisney "developed a social friendship" in November 2002. Their friendship ended badly in May 2005, after Plaintiff learned that Bisney had obtained access to her e-mail, established and maintained websites in Plaintiff's name, and posted personal and private information about Benz on the World Wide Web. Am. Compl. at ¶¶ 15-17.

8.   On or about July 19, 2005, Plaintiff alleges that Bisney began to post articles on a number of Internet sites, stating that Plaintiff was dating various wealthy and well-known men. *Id.* ¶¶ 78-82, 123. These articles appeared on websites such as a blog entitled "What's Happening at CNN," the Philadelphia Inquirer's website, and a website entitled "Watching the Watchers." Bisney has admitted to writing an article about Plaintiff and posting it on various websites. Response of John F. Bisney to Plaintiff's First Set of Interrogatories at 9.

9.   The Examiner has published a thrice-weekly gossip column by a freelance columnist, Karen Feld, entitled "The Buzz."

10.  On or about August 16, 2005, Ms. Feld received an email from the sender "julie.bowen@latimes.com" entitled "DC gossip" (the "Email"). The Email stated, in part, "Karen, Just wanted to make you aware of an interesting piece of naughty gossip on the Net!" and included the text of one of the articles about Plaintiff allegedly authored by Bisney (the "Article"), as well as a link to a website that also featured an article about Plaintiff, allegedly authored by Bisney.

11.  Bisney has admitted that he sent an article that he wrote about Plaintiff to Ms. Feld. Response of John F. Bisney to Plaintiff's First Set of Interrogatories at 9.

12.  Ms. Feld's August 19, 2005 gossip column (the "Column") included an item that indicated that Ms. Benz was "linked romantically" to a number of men referenced in the article forwarded to Ms. Feld.

3

13. Neither Ms. Feld nor The Examiner knew Bisney or spoke with Bisney prior to the publication of the Column.

14. Upon information and belief, Bisney sent the Email to Ms. Feld.

15. Upon information and belief, Bisney is the author of the Article.

16. Upon information and belief, Bisney sent the Email and Article to Ms. Feld to induce her to include the information in the Article about Plaintiff in the Column and to induce The Examiner to publish the information in the Article about Plaintiff in the Column.

## CLAIM ONE: FRAUDULENT MISREPRESENTATION

17. Defendant and Cross-Claim Plaintiff The Examiner repeats and realleges the allegations contained in paragraphs 1 through 16 of the Cross-Complaint as if fully set forth herein.

18. Bisney falsely represented to Ms. Feld that the Email was sent from someone who worked at the *Los Angeles Times* and suggested that the facts contained in the Article quoted in the Email and linked to in the Email were true.

19. These false representations were material.

20. Bisney knew that the Email was falsely represented as coming from someone who worked at the *Los Angeles Times* and that the Article (or parts of the Article) was false.

21. By sending the Email and the Article, Bisney intended to deceive Ms. Feld and induce reliance on the Email and Article for publication in The Examiner.

22. By sending the Email to Ms. Feld, Bisney intended to deceive The Examiner by inducing Ms. Feld's reliance on the Email and the Article for publication in The Examiner.

23. Ms. Feld relied in part upon Bisney's false representation in the Email and the Article when she wrote the Column.

24. The Examiner relied in part upon Bisney's false representation, conveyed through Ms. Feld, when it published the Column.

25. By reason of the foregoing, if and to the extent Plaintiff prevails on her claims against The Examiner, then Bisney is liable for all sums that may be adjudged against The Examiner in favor of Plaintiff in this action and all costs and attorneys' fees incurred by Defendants in connection with this action.

## CLAIM TWO: INDEMNIFICATION

26. Defendant and Cross-Claim Plaintiff The Examiner repeats and realleges the allegations contained in paragraphs 1 through 25 of the Cross-Claim as if fully set forth herein.

27. To the extent The Examiner is found liable to Plaintiff, The Examiner seeks equitable indemnification from Bisney pursuant to common law. The Defendants are not *in pari delicto*, and The Examiner was induced to act by a misrepresentation on the part of Bisney, on which it justifiably relied.

28. By reason of the foregoing, if and to the extent Plaintiff prevails on her claims against The Examiner, then Bisney is liable for all sums that may be adjudged against The Examiner in favor of Plaintiff in this action and all costs and attorneys' fees incurred by Defendants in connection with this action.

## CLAIM THREE: CONTRIBUTION

29.     Defendant and Cross-Claim Plaintiff The Examiner repeats and realleges the allegations contained in paragraphs 1 through 28 of the Cross-Claim as if fully set forth herein.

30.     To the extent The Examiner is found liable to Plaintiff, and to the extent the Court rules that The Examiner is not entitled to indemnification from Bisney, The Examiner is entitled to contribution from Bisney.

WHEREFORE, Defendant The Washington Newspaper Publishing Company, LLC respectfully demands judgment against Defendant John F. Bisney as follows:

(a)     For all sums that may be adjudged against The Examiner in favor of Plaintiff in this action;

(b)     For all costs and expenses, including reasonable attorneys' fees, incurred by The Examiner in connection with this action;

(c)     That The Examiner recover such other and further relief as the Court deems just and proper.

Defendant demands a trial by jury.

Dated this 28th day of March, 2007.

    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

    By: _____/s/_____
      Laura R. Handman (D.C. Bar No. 444386)
      Amber L. Husbands (D.C. Bar No. 481565)
      DAVIS WRIGHT TREMAINE LLP
      1500 K Street, N.W., Suite 450

       Washington, D.C. 20005-1272
       (202) 508-6600
       (202) 508 6699 fax

*Attorneys for Defendant The Washington Newspaper Publishing Company, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2007, I caused the foregoing to be served electronically on counsel of record.


_____/s/_____
Amber L. Husbands