IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv1760 (EGS) (JMF) |
| ) | |
| THE WASHINGTON NEWSPAPER ) | Next event: Status Conference 6/21/07 |
| PUBLISHING COMPANY, LLC ) | |
| and ) | |
| JOHN F. BISNEY, ) | |
| ) | |
| Defendants. ) | |

**STIPULATED PROTECTIVE ORDER**

The parties to this action ("Parties" or, individually, "Party"), through their respective counsel, hereby stipulate to the following protective order:

IT IS HEREBY ORDERED that, with respect to any information, documents, or things that any Party obtains in response to any discovery directed to any person ("Producing Person"), the following procedures shall be employed and the following rights and restrictions shall govern:

**A.   SCOPE**

This Protective Order shall govern any information, testimony, documents or communications that a Producing Person provides or has already provided voluntarily or pursuant to any discovery request or subpoena or in the course of negotiating or resolving the treatment of a discovery request or subpoena, including testimony given at any deposition in this action. The entry of this Protective Order is without prejudice to the right of the Producing

Person to seek other protection under the Federal Rules of Civil Procedure in connection with discovery in this action.

**B.    DESIGNATION AS PROTECTED**

For purposes of this protective order, "Confidential Information" shall mean all documents, testimony or other information that a Producing Person has designated as confidential under this Protective Order, unless such confidential information has been found by the Court not to be subject to treatment as Confidential Information, or such assignation has been removed by the Producing Person. For purposes of this protective order, "Highly Confidential Information" shall mean all documents, testimony or other information that a Producing Person has designated as highly confidential under this Protective Order, unless such highly confidential information has been found by the Court not to be subject to treatment as Highly Confidential Information, or such assignation has been removed by the Producing Person. A Producing Person shall designate as "Highly Confidential" only those documents, testimony, or other information that contains information about medical or psychological treatment.

A Producing Person, in providing testimony, information or documents, in good faith, may designate the material by marking each item or page as "Confidential" or "Highly Confidential." A Producing Person may also retroactively designate material as "Confidential" or "Highly Confidential" by sending a letter identifying the retroactively designated material to counsel for all parties and providing replacement copies of each item or page with the appropriate confidential marking.

Deposition transcripts may be so designated either (1) when the testimony is given, in which case each transcript page containing the designated testimony shall be marked

"Confidential" or "Highly Confidential" by the reporter, as the Producing Person may direct, or (2) by written notice to the reporter and all counsel of record, within 10 days after the Producing Person actually receives the transcript from the court reporter or counsel for a Party, in which case the Producing Person shall be responsible for marking the copies of the designated transcript.

In the event that a Party seeks to challenge a Producing Person's designation of any discovery material as "Confidential" or "Highly Confidential," such Party shall consult in good faith with the Producing Party in an effort to resolve the matter on an informal basis. In the event no agreement is reached, but no later than ten (10) days after receipt of the discovery materials so designated, the Party shall give the Producing Party written notice challenging the designation of the designated discovery material. The Producing Party shall have ten (10) business days after receipt of the required written notice within which to move that the discovery material be treated as "Confidential" or "Highly Confidential" ("Ten Day Period). Any document, testimony or other material designated as "Confidential" or "Highly Confidential" shall continue to be treated in accordance with its designation until the Court rules on any motion concerning that designation, until such motion is otherwise resolved, or until the Ten Day Period has passed without a motion having been made, whichever is sooner.

C.  **USE OF PROTECTED INFORMATION**

All Confidential Information and Highly Confidential Information is to be used solely for the purposes of this action, *Benz v. The Washington Newspaper Publishing Company, LLC and John F. Bisney* (U.S. Dist. Court for the District of Columbia, Civil Action No. 05-1760 (EGS)), and for no other purpose. Neither a Party nor any Qualified Recipient, as defined in paragraphs

3

D or E of this Stipulated Protective Order, may disclose, in public or private, Confidential Information or Highly Confidential Information except as set forth in this Protective Order.

### D. ACCESS TO CONFIDENTIAL INFORMATION

Except as otherwise provided by this Protective Order or an order of this Court, access to all Confidential Information shall be limited to Qualified Recipients of Confidential Information, defined as: any Party that is a natural person; the employees, officers and directors of any Party that is not a natural person; counsel (both outside and in-house) for the Parties (including their legal associates and regularly employed office staff); deponents, stenographers and videographers at depositions; consulting experts, testifying experts, or agents, of a Party; mediators; and the Court (including court reporters, stenographic reporters and court personnel). Any copies of Confidential Information shall be subject to this Protective Order. All videotape copies of depositions that contain Confidential Information are to be in the custody and control of the attorneys for the parties. Nothing in this Protective Order shall be construed to restrict any party's use of information that is possessed or known prior to disclosure by another party, or is public knowledge, or is independently developed or acquired from an independent source.

Prior to disclosing Confidential Information to any other persons or organizations, the Party shall notify the Producing Person of the identity of the persons or organizations to which it proposes to make disclosure and the Confidential Information to be disclosed. The Producing Person shall have 10 days to object to that disclosure. If an objection is made within 10 days, the Party shall not disclose any Confidential Information to the persons or organizations unless and until this Court has determined, upon motion made (in compliance with Local Rule 7(m)) by the Party seeking to disclose Confidential Information to other persons or organizations, that such

disclosure is permitted.

E.   **ACCESS TO HIGHLY CONFIDENTIAL INFORMATION**

Except as otherwise provided by this Protective Order or an order of this Court, access to all Highly Confidential Information shall be limited to Qualified Recipients of Highly Confidential Information, defined as: counsel (both outside and in-house) for the Parties (including their legal associates and regularly employed office staff); stenographers and videographers at depositions; consulting experts, testifying experts, or agents, of a Party; mediators; and the Court (including court reporters, stenographic reporters and court personnel). Any copies of Highly Confidential Information shall be subject to this Protective Order. All videotape copies of depositions that contain Highly Confidential Information are to be in the custody and control of the attorneys for the parties. Nothing in this Protective Order shall be construed to restrict any party's use of information that is possessed or known prior to disclosure by another party, or is public knowledge, or is independently developed or acquired from an independent source.

Prior to disclosing Highly Confidential Information to any other persons or organizations, the Party shall notify the Producing Person of the identity of the persons or organizations to which it proposes to make disclosure and the Highly Confidential Information to be disclosed. The Producing Person shall have 10 days to object to that disclosure. If an objection is made within 10 days, the Party shall not disclose any Highly Confidential Information to the persons or organizations unless and until this Court has determined, upon motion made (in compliance with Local Rule 7(m)) by the Party seeking to disclose Highly Confidential Information to other persons or organizations, that such disclosure is permitted.

F.  **ACKNOWLEDGMENT OF ACCESS TO PROTECTED INFORMATION**

Before obtaining access to any Confidential Information or Highly Confidential Information covered by this Protective Order, each person – other than undersigned counsel (including their legal associates and regularly employed office staff); any Party that is a natural person; the employees, officers and directors of any Party that is not a natural person; mediators; and the Court (including court reporters, stenographic reporters and court personnel) – who is permitted to have access to such information under this Protective Order must signify ascent to the terms of this order by executing an acknowledgment indicating that the person to be given access has read and understands this Protective Order, agrees to be bound by its terms, and waives all objection to the exercise of jurisdiction over the signing person by this Court for any proceedings related to this Protective Order, all in the form attached hereto as Exhibit A. The identity and date such person has agreed to be bound by the terms of this Protective Order must be contemporaneously disclosed to undersigned counsel.

G.  **EXCLUSION OF UNAUTHORIZED PERSONS**

If any Confidential Information or Highly Confidential Information is summarized, discussed, disclosed or otherwise used at any deposition, all persons, other than those entitled to access to such information, shall be excluded from attendance at that portion of the deposition.

H.  **USE OF PROTECTED INFORMATION IN THIS ACTION**

All documents, testimony and other material filed or lodged with the Court in this matter, including but not limited to hearing transcripts, deposition transcripts, exhibits, discovery responses, briefs, or memoranda of points and authorities, which comprise, embody, summarize, discuss, quote, disclose or contain any Confidential Information or Highly Confidential

Information shall be initially filed under seal for a temporary period of ten (10) days. The party filing or lodging the material shall, at the time of its filing or lodging, give notice of that event to the person that designated the material as Confidential or Highly Confidential. If the person that designated that material as Confidential or Highly Confidential does not move, within ten (10) days of such filing, for a permanent order from the Court; such document, testimony or other material shall be automatically unsealed and made part of the public court record. If only a portion of any document, testimony or other material filed with the Court contains material designated as Confidential or Highly Confidential, any sealing, temporary or permanent, shall apply only to that portion.

**I.    SUBPOENA OR ORDER**

In the event that any party hereto is required by a subpoena or other court or administrative order, other than a grand jury subpoena or confidential investigation subpoena from an administrative agency, to disclose any Confidential Information or Highly Confidential Information, the party shall provide counsel for the other parties hereto with at least ten (10) business days advance notice before making any such disclosure. In the event that any party hereto is required by grand jury subpoena or confidential investigation subpoena from an administration agency to disclose Confidential Information or Highly Confidential Information, the party shall immediately provide the Court, *ex parte* and *in camera*, copies of the grand jury subpoenas or confidential investigation subpoena from an administrative agency. The Court may in its discretion disclose the existence of same to the other parties.

**J.    AMENDMENT**

A Party or Producing Person, upon compliance with Local Rule 7(m), may seek

modification of this Protective Order at any time for good cause.

K.  **FINAL DISPOSITION**

Upon final disposition of this action, and at the request of a Producing Person, all Confidential Information and Highly Confidential Information provided to a Party shall be returned to the Producing Party. This Protective Order may not be terminated, except by written stipulation executed by on behalf of each Producing Party, or by an order of the Court. Termination of this matter shall not terminate this Protective Order.

Dated: March 29, 2007

By /s/ Bassel Bakhos
LAW OFFICES OF WILLIAM ALDEN
MCDANIEL, JR.
Attorneys for KATHLEEN BENZ

Dated: March 29, 2007

By /s/ Amber Husbands
DAVIS WRIGHT TREMAINE LLP
Attorneys for THE WASHINGTON NEWSPAPER PUBLISHING COMPANY, LLC

Dated: March 29, 2007

By _____
POWERS PYLES SUTTER & VERVILLE, PC
Attorneys for JOHN BISNEY

IT IS SO ORDERED

Dated: _____, 2007

_____
THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:05cv1760 (EGS) (JMF) |
| | ) |
| THE WASHINGTON NEWSPAPER | ) |
| PUBLISHING COMPANY, LLC | ) |
| and | ) |
| JOHN F. BISNEY, | ) |
| | ) |
| Defendants. | ) |

**AGREEMENT TO BOUND BY PROTECTIVE ORDER
AND TO SUBMIT TO THE JURISDICTION OF THE COURT**

I hereby acknowledge that I have received and read the Protective Order entered in the United States District Court for the District of Columbia, on _____, 2007, in the matter entitled *Benz v. The Washington Newspaper Publishing Company, LLC and John F. Bisney*, Civil Action No. 05-1760. I understand the terms of this Protective Order and agree to be bound by its terms. Furthermore, I agree to submit to the jurisdiction of the United States District Court for the District of Columbia for any proceedings related to this matter.

Dated: _____, 2007

_____
(Signature)

_____
(Printed or Typed Name)

_____
(Role in Litigation)

9