IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHLEEN A. BENZ ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv1760 (EGS) |
| ) | Next Event: Status Conference |
| THE WASHINGTON NEWSPAPER ) | October 9, 2007  12:00 PM |
| PUBLISHING COMPANY, LLC ) | |
| ) | |
| and ) | |
| ) | |
| JOHN F. BISNEY ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT
## JOHN F. BISNEY TO CROSS-CLAIM

1. Bisney lacks sufficient information upon which to admit or deny the allegations contained in paragraph 1.

2. Admitted.

3. The allegations of paragraph 3 are statements of the claims asserted and require no response.

4. The allegations of paragraph 4 are legal conclusions relating to the jurisdiction of the Court to which no response is required. To the extent that an answer is required, Bisney admits that the parties are citizens of different states, but denies that the amount in controversy exceeds $75,000.

5.      The allegations of paragraph 5 are legal allegations relating to the venue of this action and require no answer. To the extent that an answer is required, Bisney admits the allegations.

6.      Admitted.

7.      Bisney admits that the Second Amended Complaint contains the allegations referenced in paragraph 7 of the Cross-Claim. Bisney incorporates his answers to the paragraphs of the Second Amended Complaint cited in paragraph 7.

8.      Bisney admits that the Second Amended Complaint contains the allegations referenced in paragraph 8 of the Cross-Claim. Bisney incorporates his answers to the paragraphs of the Second Amended Complaint and his response to Plaintiff's First Set of Interrogatories cited in paragraph 8.

9.      Bisney lacks sufficient information upon which to admit or deny the allegations contained in the second sentence of paragraph 9.

10.     Admitted.

11.     Admitted.

12.     Admitted. Bisney avers that the article that he authored did not link Ms. Benz romantically to all of the men referenced in it. Bisney further avers that the article authored by Ms. Feld differed in material respects from the article that he authored.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Denied.

17.     Bisney incorporates his answers to paragraphs 1 through 16 of the Cross-Claim as if fully set forth herein.

18.     Denied.

19.     Denied.

20.     Bisney admits that he knew that parts of the article that he authored were false and avers that parts of the article were either true or constituted opinion as opposed to facts. The remainder of the allegations of paragraph 20 are denied.

21.     Denied.

22.     Denied.

23.     Bisney lacks sufficient information upon which to admit or deny the allegations contained in the second sentence of paragraph 23.

24.     Bisney lacks sufficient information upon which to admit or deny the allegations contained in the second sentence of paragraph 24.

25.     Denied.

26.     Bisney incorporates his answers to paragraphs 1 through 25 of the Cross-Claim as if fully set forth herein.

27.     Denied.

28.     Denied.

29.     Bisney incorporates his answers to paragraphs 1 through 28 of the Cross-Claim as if fully set forth herein.

30.     Denied.

## FIRST AFFIRMATIVE DEFENSE

The Cross-Claim fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The article published by the Examiner differs substantially and materially from the article that Bisney forwarded to Ms. Feld. Therefore, Bisney is not liable for the publication of the Examiner article.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks equitable relief, such relief is barred due to the doctrines of equitable estoppel and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that any judgment in favor of Plaintiff is based upon negligence, the claims of the Examiner against Bisney are barred due to the contributory negligence of the Examiner in publishing its version of the article.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that the Examiner's claims against Bisney are based on his status as a joint tortfeasor, the claims of the Examiner are barred as he was not a joint tortfeasor with the Examiner.

Respectfully submitted,

/s/ Larry S. Gondelman
(D.C. Bar No. 950691)
1501 M Street, NW
Suite 700
Washington, DC 20005
202.466.6550
202.785.1756 (fax)
larry.gondelman@ppsv.com
Counsel for Defendant John F. Bisney

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing "Answer of Defendant John F. Bisney to Cross-Claim" were served electronically, by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF), this the 3rd day of July, 2007, upon the following:

>William Alden McDaniel, Jr.
>LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR.
>118 W. Mulberry Street
>Baltimore, MD 21201
>Counsel for Plaintiff Kathleen A. Benz
>
>Laura R. Handman
>DAVIS WRIGHT TREMAINE LLP
>1500 K Street, N.W., Suite 450
>Washington, D.C. 20005
>Counsel for Defendant The Washington Newspaper
>Publishing Company, LLC

>/s/ Larry S. Gondelman